**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

PAPAYA GAMING, LTD.,          )
                                    )
                Plaintiff,     )
                                    )
             vs.            )     Case No. 1:25-cv-05573-DLC
                                    )
FAIR PLAY FOR MOBILE GAMES,  )
*et al.*,                          )
                                    )
            Defendants.    )
_____  )

**<u>MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS</u>**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................... 1

PROCEDURAL HISTORY.................................................................................. 2

ARGUMENT ...................................................................................................... 2

I.     PAPAYA AND ITS COUNSEL VIOLATED FED. R. CIV. P. 11................................ 2

     A.     Papaya and Its Counsel Violated Fed. Civ. P. 11(b)(2). .................................. 3

          1.     Papaya's Relitigation of Dismissed Claims Warrants Sanctions.............. 3

          2.     Papaya Repeatedly Disregarded Warnings That Its Claims Were Frivolous. ........................................................................................ 6

          3.     Papaya Acted Unreasonably by Continuing to Prosecute Its Claims, Despite the Absence of Exceptional Circumstances Warranting Reconsideration of Judge Nachmanoff's Rulings. ............... 11

     B.     Papaya Violated Fed. R. Civ. P. 11(b)(1) by Prosecuting Its Claims for an Improper Purpose. ................................................................................. 13

          1.     Papaya and Its Counsel's Prosecution of Frivolous Claims Establishes Bad Faith Under Rule 11(b)(1). ............................................. 13

          2.     This Court Also May Infer Papaya's Bad Faith Based on Papaya and Its Counsel's Repeated Disregard of Warnings That Its Claims Were Frivolous. ........................................................................................ 14

          3.     Papaya's Manipulation of Its Pleadings to Avoid Preclusion Further Evinces Bad Faith. ........................................................................ 15

     C.     Sanctions Are Also Warranted Under Fed. R. Civ. P. 11(b)(3) Because No Evidence Supports Papaya's Other Factual Assertions. ..................................... 20

II.     PAPAYA'S COUNSEL VIOLATED 28 U.S.C. § 1927. ............................................. 21

III.     THIS COURT SHOULD EXERCISE ITS INHERENT AUTHORITY TO SANCTION PAPAYA AND ITS COUNSEL FOR CONTINUING TO PROSECUTE MERITLESS CLAIMS AGAINST DEFENDANTS ............................... 23

IV.     THE COURT SHOULD AWARD DEFENDANTS THEIR REASONABLE ATTORNEY'S FEES AND COSTS ................................................................... 24

CONCLUSION.................................................................................................... 28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re 60 E. 80th St. Equities, Inc.*,
  218 F.3d 109 (2d Cir. 2000)...................................................................................22

*Agee v. Paramount Commc'ns Inc.*,
  114 F.3d 395 (2d Cir. 1997)...................................................................................21

*AJ Energy LLC v. Woori Bank*,
  2019 WL 4688629 (S.D.N.Y. Sept. 26, 2019)................................................21, 26

*Amorosa v. Ernst & Young LLP*,
  2010 WL 245553 (S.D.N.Y. Jan. 20, 2010) ...................................................... *passim*

*Andre v. Merrill Lynch Ready Assets Tr.*,
  97 F.R.D. 699 (S.D.N.Y. 1983) ..............................................................................16

*In re Auction Houses Antitrust Litig.*,
  2004 WL 2624896 (S.D.N.Y. Nov. 17, 2004)................................................21, 27

*Bressler v. Liebman*,
  1997 WL 466553 (S.D.N.Y. Aug. 14, 1997)................................................3, 6, 24

*Buster v. Greisen*,
  104 F.3d 1186 (9th Cir. 1997) ..................................................................................5

*Cannon v. Loyola Univ. of Chicago*,
  784 F.2d 777 (7th Cir. 1986) ....................................................................................5

*Cavallary v. Lakewood Sky Diving Ctr.*,
  623 F. Supp. 242 (S.D.N.Y. 1985) ...........................................................................6

*Chambers v. NASCO, Inc.*,
  501 U.S. 32 (1991)..............................................................................................23, 24

*Cohen v. Bane*,
  853 F. Supp. 620 (E.D.N.Y. 1994) ...........................................................................5

*Colliton v. Cravath, Swaine & Moore LLP*,
  2008 WL 4386764 (S.D.N.Y. Sept. 24, 2008)......................................................6, 19

*Cooter & Gell v. Hartmarx Corp.*,
  496 U.S. 384 (1990)..................................................................................................24

*Cornett v. Mfrs. Hanover Tr. Co.*,
   684 F. Supp. 78 (S.D.N.Y. 1988) ............................................................6

*Corsini v. Bloomberg*,
   26 F. Supp. 3d 230 (S.D.N.Y. 2014)......................................................4, 5

*Davey v. Dolan*,
   496 F. Supp. 2d 387 (S.D.N.Y. 2007)...........................................5, 21, 22

*Edwards v. Barclays Servs. Corp.*,
   2020 WL 2087749 (S.D.N.Y. May 1, 2020) .............................5, 10, 26

*Ehrlich v. Berkshire Life Ins. Co.*,
   2002 WL 368444 (S.D.N.Y. Mar. 7, 2002) (Cote, J.) .........................12

*In re Engle Cases*,
   283 F. Supp. 3d 1174 (M.D. Fla. 2017)................................................24

*Ex'r of New York Est. of Kates v. Pressley & Pressley, P.A.*,
   2013 WL 495415 (E.D.N.Y. Feb. 7, 2013)...........................................24

*Fox v. Boucher*,
   794 F.2d 34 (2d Cir. 1986)....................................................................14

*Fried v. Fried*,
   113 F.R.D. 103 (S.D.N.Y. 1986) .................................................5, 24, 25

*Galin v. Hamada*,
   283 F. Supp. 3d 189 (S.D.N.Y. 2017)....................................................4

*Gollomp v. Spitzer*,
   568 F.3d 355 (2d Cir. 2009)...........................................................14, 23

*Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*,
   991 F.3d 361 (2d Cir. 2021)..................................................................19

*John Akridge Co. v. Travelers Co.*,
   944 F. Supp. 33 (D.D.C. 1996)............................................................27

*Kahre-Richardes Fam. Found., Inc. v. Vill. of Baldwinsville, N.Y.*,
   953 F. Supp. 39 (N.D.N.Y. 1997)......................................................9, 25

*Kant v. Columbia Univ.*,
   2010 WL 807442 (S.D.N.Y. Mar. 9, 2010) ........................................19

*Kezhaya v. City of Belle Plaine*,
   78 F.4th 1045 (8th Cir. 2023) ..............................................................28

*Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*,
    729 F.3d 99 (2d Cir. 2013)........................................................................12

*Lacy v. Principi*,
    317 F. Supp. 2d 444 (S.D.N.Y. 2004).......................................................6

*Levine v. F.D.I.C.*,
    2 F.3d 476 (2d Cir. 1993)..........................................................................3

*Lewis v. Smith*,
    480 F. App'x 696 (3d Cir. 2012) ............................................................23

*Lipin v. Nat'l Union Fire Ins. Co. of Pittsburgh*,
    202 F. Supp. 2d 126 (S.D.N.Y. 2002)...............................................14, 25

*Mac Truong v. Hung Thi Nguyen*,
    2013 WL 4505190 (S.D.N.Y. Aug. 22, 2013) ................................. *passim*

*Mata v. Avianca, Inc.*,
    678 F. Supp. 3d 443 (S.D.N.Y. 2023)................................................18, 24

*Matlin v. Spin Master Corp.*,
    979 F.3d 1177 (7th Cir. 2020) ...................................................................5

*McLaughlin v. Bradlee*,
    602 F. Supp. 1412 (D.D.C. 1985) .........................................................4, 5

*McLoughlin v. Altman*,
    1995 WL 640770 (S.D.N.Y. Oct. 31, 1995) ...........................................14

*Morley v. Ciba–Geigy Corp.*,
    66 F.3d 21 (2d. Cir. 1995).....................................................................3, 25

*Neustein v. Orbach*,
    130 F.R.D. 12 (E.D.N.Y. 1990) ...........................................................4, 26

*Nyitray v. Johnson*,
    205 F.3d 1324 (2d Cir. 1999)..................................................................21

*Paganucci v. City of New York*,
    785 F. Supp. 467 (S.D.N.Y. 1992) .........................................................25

*Paganucci v. City of New York*,
    993 F.2d 310 (2d Cir. 1993)..................................................................4, 25

*Pentagen Techs. Int'l Ltd. v. United States*,
    172 F. Supp. 2d 464 (S.D.N.Y. 2001)............................................ *passim*

*Pentagen Techs. Int'l Ltd. v. United States*,
  63 F. App'x 548 (2d Cir. 2003) ...........................................................13

*In re Peters*,
  642 F.3d 381 (2d Cir. 2011)...............................................................12

*Purchasing Power, LLC v. Bluestem Brands, Inc.*,
  851 F.3d 1218 (11th Cir. 2017) .........................................................24

*Reynolds v. U.S. Capitol Police Bd.*,
  357 F. Supp. 2d 19 (D.D.C. 2004) ................................................14, 23

*Robertson v. Cartinhour*,
  883 F. Supp. 2d 121 (D.D.C. 2012) ...................................................27

*Satterfield v. Pfizer, Inc.*,
  2005 WL 1765708 (S.D.N.Y. July 18, 2005) ....................................5, 6

*Schottenstein v. Lee*,
  2023 WL 8584201 (S.D.N.Y. Dec. 11, 2023) (Cote, J.) .......................24

*Scott v. Major*,
  1990 WL 21319 (N.D.N.Y. Mar. 6, 1990) ..........................................13

*Smith v. Educ. People, Inc.*,
  233 F.R.D. 137 (S.D.N.Y. 2005) ........................................................17

*In re Star Gas Sec. Litig.*,
  745 F. Supp. 2d 26 (D. Conn. 2010) .....................................................4

*Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*,
  2009 WL 2922851 (S.D.N.Y. Sept. 8, 2009) ...............................*passim*

*Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*,
  682 F.3d 170 (2d Cir. 2012).............................................................3, 4

*United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*,
  948 F.2d 1338 (2d Cir. 1991).............................................................21

*Van Scoy v. Shell Oil Co.*,
  11 F. App'x 847 (9th Cir. 2001) .........................................................23

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*,
  956 F.2d 1245 (2d Cir. 1992).............................................................13

*Vishipco Line v. Charles Schwab & Co.*,
  2003 WL 1345229 (S.D.N.Y. Mar. 19, 2003) .....................................22

*Wachovia Mortg., FSB v. Toczek,*
  841 F. App'x 267 (2d Cir. 2021) ........................................................12

*Weinraub v. Glen Rauch Sec., Inc.,*
  419 F. Supp. 2d 507 (S.D.N.Y. 2005) ..................................................28

*Wynn v. AC Rochester Gen. Motors Corp.,*
  96 F. App'x 768 (2d Cir. 2004) ..............................................................4

**Statutes**

15 U.S.C. § 1114 ....................................................................................16

15 U.S.C. § 1125 ................................................................................7, 16

17 U.S.C. § 501 ......................................................................................16

28 U.S.C. § 1927 .............................................................................. *passim*

N.Y. Gen. Bus. Law § 349 .....................................................................16

Va. Code Ann. § 18.2-499 ..................................................................7, 16

**Rules**

Fed. R. Civ. P. 11(b)(1)..................................................................... *passim*

Fed. R. Civ. P. 11(b)(2)..................................................................... *passim*

Fed. R. Civ. P. 11(b)(3)......................................................18, 19, 20, 21

Fed. R. Civ. P. 11(c) .....................................................................8, 10, 25

Fed. R. Civ. P. 12(b)(6)........................................................................7, 8

Fed. R. Civ. P. 12(b)(7) ..........................................................................8

Fed. R. Civ. P. 26(f) ..............................................................................10

S.D.N.Y. Rules for the Division of Business Among District Judges, Rule 13 ...........................16

**Other Authorities**

18 Federal Practice and Procedure § 4478 (2025) .....................................13

https://www.abajournal.com/news/article/this-law-firm-is-ranked-no-1-after-
  posting-88b-in-gross-revenue-which-other-firms-are-category-leaders................................28

https://www.law.com/compass/firm/LF00001075/Skadden/overview..........................................28

## INTRODUCTION

In this case, Plaintiff Papaya Gaming, Ltd. ("Papaya") asserts claims that this Court twice dismissed in an earlier action involving Papaya and Skillz Platform Inc. ("Skillz") (the "First Action"; No. 24-cv-01646-DLC). After this Court dismissed Papaya's claims, Papaya filed a new action in the Eastern District of Virginia premised on the same baseless allegations (the "Second Action"; No. 25-cv-00470-MSN). Accordingly, Judge Michael Nachmanoff granted Defendants' motion to transfer this action to this Court.[1] Judge Nachmanoff held that Papaya engaged in "*unnecessary and duplicative* litigation in the Southern District of New York, Virginia state court, and the Eastern District of Virginia." Judge Nachmanoff also found that, "*Papaya has blatantly attempted to get a second bite at the apple by pursuing different but clearly related defendants in a different forum after Judge Cote conclusively rejected Papaya's counterclaim and motion for leave to file a second amended counterclaim on virtually identical claims*." Nonetheless, Papaya has continued prosecuting this action. Sanctions are warranted against Papaya and its counsel on four independent grounds.

*First*, Papaya's counsel violated Fed. R. Civ. P. 11(b)(2), which requires that pleadings be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law," by filing and continuing to prosecute an action barred by claim preclusion and issue preclusion doctrines. *Second*, Papaya and its counsel violated Fed. R. Civ. P. 11(b)(1) by presenting and continuing to prosecute their Amended Complaint for improper purposes, including to harass, cause unnecessary delay, and needlessly increase litigation costs after this Court twice rejected claims premised on the same allegations. *Third*, for these same reasons, Papaya's counsel

---

[1] Following a determination that this case was related to the First Action, the case was reassigned from Judge Engelmayer to this Court. All emphases herein are Defendants' unless otherwise noted.

violated 28 U.S.C. § 1927, under which any attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." ***Fourth and finally***, sanctions against Papaya and its counsel are warranted under this Court's inherent authority.

The undersigned Defendants ("Defendants") request that the Court award their reasonable attorneys' fees and costs and deem Papaya and its counsel jointly and severally liable for the foregoing.

## <u>PROCEDURAL HISTORY</u>

Defendants incorporate by reference: (i) the chronology of key events set forth in their accompanying Motion; (ii) arguments in their pending motions to dismiss, demonstrating that Papaya's claims are foreclosed by this Court's prior rulings; and (iii) the motion for sanctions previously filed by Defendants Assemble the Agency, LLC ("Assemble") and Lacie Newton ("Ms. Newton"). Dkts. 61, 67, 84, 89, 92, 96.

## <u>ARGUMENT</u>

### I.    PAPAYA AND ITS COUNSEL VIOLATED FED. R. CIV. P. 11.

Papaya and its counsel continue to press claims premised on allegations that this Court twice considered and rejected, and that Judge Nachmanoff concluded were "unnecessary and duplicative." McCrary Decl. Ex. A (07/02/25 Hr'g Tr.) 31:4-14.[2] Because established preclusion doctrines bar Papaya's "blatant[] attempt[] to get a second bite at the apple" after Judge Cote "conclusively rejected Papaya's counterclaim and motion for leave to file a second amended counterclaim on virtually identical claims" (*id*. at 32:21-33:4), this Court should exercise its

---

[2] The Declaration of Jordan McCrary in Support of Defendants' Motion for Sanctions ("McCrary Decl.") is being filed contemporaneously herewith.

discretion to sanction Papaya and its counsel under Fed. R. Civ. P. 11(b)(1), (2), and (3). *See Levine v. F.D.I.C.*, 2 F.3d 476, 479 (2d Cir. 1993) (explaining that the Second Circuit "will reverse an award of sanctions only when there has been an abuse of discretion").

**A.    Papaya and Its Counsel Violated Fed. R. Civ. P. 11(b)(2).**

1.    <u>Papaya's Relitigation of Dismissed Claims Warrants Sanctions.</u>

Pursuant to Rule 11(b)(2), Papaya's counsel certified that the "claims" in the Amended Complaint, and "legal contentions" set forth in Papaya's opposition to Defendants' motions to dismiss and to transfer venue, were "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). These certifications were false. Because Papaya's claims were plainly foreclosed by this Court's prior rulings, Papaya and its counsel's persistence is sanctionable under controlling law.

An argument is "frivolous" under Rule 11(b)(2) when there is "no chance of success and no reasonable argument to extend, modify, or reverse the law as it stands," *Morley v. Ciba–Geigy Corp.*, 66 F.3d 21, 25 (2d. Cir. 1995), or where the asserted claim is "clearly deficient." *Amorosa v. Ernst & Young LLP*, 2010 WL 245553, at *4 (S.D.N.Y. Jan. 20, 2010). Proof of bad faith is unnecessary; the standard is "objective unreasonableness." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 177 (2d Cir. 2012); *Bressler v. Liebman*, 1997 WL 466553, at *7-8 (S.D.N.Y. Aug. 14, 1997) ("subjective belief" that "claims are warranted, however sincere, does not affect [plaintiff's] vulnerability to sanctions"). Parties must "strictly" comply with Rule 11. *Corsini v. Bloomberg*, 26 F. Supp. 3d 230, 248 (S.D.N.Y. 2014).

Notably, "a litigant's obligations" are "not measured solely as of the time [its papers] are filed" but also include "reaffirming to the court and advocating positions contained in those pleadings and motions ***after*** learning that they cease to have any merit." Fed. R. Civ. P. 11(b)

3

Advisory Committee's Note to 1993 Amendments; *accord In re Star Gas Sec. Litig.*, 745 F. Supp. 2d 26, 39 (D. Conn. 2010); *see Galin v. Hamada*, 283 F. Supp. 3d 189, 202 (S.D.N.Y. 2017), *aff'd*, 753 F. App'x 3 (2d Cir. 2018) (finding counsel's continued prosecution of claims to be unreasonable based on subsequent discovery).

In their pending motions to dismiss, Defendants demonstrated that Papaya's claims are barred by the rule against claim splitting, issue preclusion (collateral estoppel), and claim preclusion (res judicata). Dkt. 61 at 1, 7-16; Dkt. 67 at 8-13; Dkt. 92 at 1-2, 4-14; Dkt. 89 at 1-6; Dkt. 63, 93, 96. Defendants incorporate by reference rather than duplicate those arguments here.

Filing a complaint "in the face of collateral estoppel and res judicata" is objectively unreasonable and "deserving of sanction." *Neustein v. Orbach*, 130 F.R.D. 12, 15-16 (E.D.N.Y. 1990). Indeed, sanctions are "one of the few options available to a court to deter and punish people who relitigate cases hopelessly foreclosed." *McLaughlin v. Bradlee*, 602 F. Supp. 1412, 1417 (D.D.C. 1985), *aff'd*, 803 F.2d 1197 (D.C. Cir. 1986).

Hence, the Second Circuit has repeatedly approved sanctions in these circumstances. *See, e.g.*, *Star Mark Mgmt.*, 682 F.3d at 178 (concluding it would be "***difficult for the court to envision a stronger case*** for the imposition of Rule 11 sanctions" than where res judicata barred claims); *Wynn v. AC Rochester Gen. Motors Corp.*, 96 F. App'x 768, 769 (2d Cir. 2004) (affirming sanctions against pro se plaintiff for asserting claims barred by res judicata); *Paganucci v. City of New York*, 993 F.2d 310, 312 (2d Cir. 1993) (affirming imposition of attorney's fees because "[e]ven a cursory review of the doctrine of res judicata would have [] indicated" that claims asserted were "patently frivolous").

Based on this controlling precedent, district courts routinely impose sanctions where, as here, the plaintiff "should have known that their claims were barred by res judicata," "collateral

estoppel," or similar doctrines. *Satterfeld v. Pfizer, Inc.*, 2005 WL 1765708, at *13 (S.D.N.Y. July 18, 2005); *Corsini*, 26 F. Supp. 3d at 248 (imposing sanctions because claims "are barred under the doctrine of res judicata" and "held to be meritless in an early action"); *Amorosa*, 2010 WL 245553, at *4, *7 (imposing sanctions for filing "repetitive claims" that "do not differ materially" from previously dismissed claims); *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 2009 WL 2922851, at *13 (S.D.N.Y. Sept. 8, 2009) (imposing sanctions for filing claims "barred by the doctrines of res judicata and collateral estoppel"); *Davey v. Dolan*, 496 F. Supp. 2d 387, 389 (S.D.N.Y. 2007) (imposing sanctions because plaintiff "should have known" that he was "precluded from recycling those same claims in federal court," and that his "identical, conclusory allegations" had "no possibility of prevailing"); *Cohen v. Bane*, 853 F. Supp. 620, 630 (E.D.N.Y. 1994) (sanctioning plaintiff's counsel who "could easily have determined the likely success by examining the case law," since "many of the claims were barred by res judicata"); *Fried v. Fried*, 113 F.R.D. 103, 107 (S.D.N.Y. 1986) (sanctioning plaintiff for relitigating a "conclusively decided" claim that therefore had "no chance of success").

Other federal courts of appeal have reached the same conclusion: "bringing a claim that is barred by res judicata" or similar doctrines is "sanctionable," *Matlin v. Spin Master Corp.*, 979 F.3d 1177, 1181-82 (7th Cir. 2020), constitutes an "***egregious*** and ***blatant*** violation" of Rule 11(b)(2), *Cannon v. Loyola Univ. of Chicago*, 784 F.2d 777, 782 (7th Cir. 1986), and that "[i]t is ***especially appropriate*** to impose sanctions" in such circumstances. *McLaughlin*, 602 F. Supp. at 1417; *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997) ("[S]uccessive complaints based upon propositions of law previously rejected may constitute harassment under Rule 11.").

Even pro se plaintiffs untutored in the law—who are not companies represented by counsel like Skadden Arps—are routinely sanctioned for bringing duplicative litigation. *See Edwards v.*

*Barclays Servs. Corp.*, 2020 WL 2087749, at *6 (S.D.N.Y. May 1, 2020) (sanctioning plaintiff who refused to withdraw duplicative complaint because "it should be obvious to any litigant, even a pro se litigant, that he can only bring a suit once"); *Mac Truong v. Hung Thi Nguyen*, 2013 WL 4505190, at *4 (S.D.N.Y. Aug. 22, 2013) (sanctioning plaintiff who is "no longer an attorney" for bringing duplicative action because he is nonetheless "capable of complying with Rule 11, especially given the many warnings he has received"); *Lacy v. Principi*, 317 F. Supp. 2d 444, 449-50 (S.D.N.Y. 2004) (sanctioning pro se plaintiff who filed suits barred by res judicata); *Colliton v. Cravath, Swaine & Moore LLP*, 2008 WL 4386764, at *13 (S.D.N.Y. Sept. 24, 2008), *aff'd*, 356 F. App'x 535 (2d Cir. 2009); *Cornett v. Mfrs. Hanover Tr. Co.*, 684 F. Supp. 78, 80 (S.D.N.Y. 1988) (because plaintiff's claims were previously dismissed, he "can no longer rely on his pro se status to avoid a finding that the complaint is frivolous"), *aff'd*, 902 F.2d 1556 (2d Cir. 1990); *Cavallary v. Lakewood Sky Diving Ctr.*, 623 F. Supp. 242, 246 (S.D.N.Y. 1985) (sanctioning pro se plaintiff who attempted to relitigate dismissed claim in a different court).

      2.    <u>Papaya Repeatedly Disregarded Warnings That Its Claims Were Frivolous.</u>

Here, Papaya and its counsel's conduct was especially egregious because they were warned more than half-a-dozen times by this Court, by Judge Nachmanoff, and by all Defendants that their claims were baseless and duplicative. But they chose to plow ahead anyway.

Where counsel receives "notice" that its claims were "fully and finally adjudicated" and "barred by res judicata"—but persists anyway—a "very strong argument" for sanctions exists. *Satterfield*, 2005 WL 1765708, at *13-14; *Bressler*, 1997 WL 466553, at *4, *8 (sanctions likely warranted where plaintiff continued to prosecute claims "virtually identical" to previously dismissed claim, "***after*** information provided by opposing counsel and analysis by the court indicated the[ir] questionable merit"). That is precisely what occurred here:

***First***, on February 7, 2025, this Court dismissed Papaya's counterclaims against Skillz in the First Action for failure to state a claim under Rule 12(b)(6). Dkt. 51-2 at 3. Papaya was thus apprised that its claims were meritless. Indeed, the dismissed counterclaims rested on the ***same*** allegations (i.e., defamation and improper outreach to Papaya's employees), by the ***same*** alleged co-conspirators, involving the ***same*** transactions regarding the 4FairPlay Website, during the ***same*** period that Papaya rehashes in this action. Dkt. 61 at 8-16; Dkt. 67 at 8-13; Dkt. 89 at 1-6; Dkt. 92 at 4, 7-12. In the First Action, just as in this action, Papaya alleged that Skillz conspired with Defendants to harm Papaya via the 4FairPlay Website. Dkt. 51-1, ¶¶ 175-200, 412-16; Dkt. 61 at 1, 11-14; Dkt. 67 at 13-14; Dkt. 89 at 16-17; Dkt. 92 at 1, 7-12. And while Papaya chose not to name Defendants as parties in the First Action, Papaya expressly identified Defendants by name and alleged that they were co-conspirators with Skillz based on the same transactions alleged here. Dkt. 51-1 ¶¶ 130, 181-86, 412-16; Dkt. 61 at 1, 4, 10-11; Dkt. 67 at 4; Dkt. 92 at 1, 4-5.

***Second***, this Court reiterated that Papaya's allegations were baseless when it denied Papaya leave to amend on futility grounds. Dkt. 51-4 at 11, 14. Indeed, Papaya's proposed amended pleadings made the same averments it recycles here regarding: (a) the 4FairPlay Website; (b) the submission of consumer complaints to attorneys general; and (c) the interviews of Papaya's former employees. Dkt. 51-3, ¶¶ 9-39, 140-313. So, this Court ***twice*** rejected the core allegations underlying Papaya's claims here.

***Third***, when Papaya attempted to repackage its allegations in the First Action under the guise of new legal theories in a new action filed in the Eastern District of Virginia, Defendants again warned Papaya and its counsel that its claims were frivolous.[3] McCrary Decl. Ex. B (Mar.

---

[3] In its original complaint filed in the Eastern District of Virginia, Papaya asserted claims for common law conspiracy, business conspiracy in violation of Virginia Code, defamation, and false advertising in violation of 15 U.S.C. § 1125(a)(1)(B). Dkt. 1 ¶¶ 153-187.

31, 2025 correspondence), at 1 (stating that "Papaya is improperly asserting claims that have already been dismissed"; "Papaya should promptly dismiss the case voluntarily to mitigate expenditures on attorneys' fees and costs in a case that should not exist"; and Defendants would "seek sanctions and recovery of attorneys' fees and costs"); McCrary Decl. Ex. C (Apr. 1, 2025 correspondence), at 1; *see also* Dkt. 84-1.

**Fourth**, Papaya and its counsel disregarded these warnings and doubled down on their strategy. Accordingly, on April 4, 2025, Papaya filed an Amended Complaint that: (i) repackaged its prior allegations under the guise of yet new theories—i.e., for business conspiracy in violation of Virginia Code, common law conspiracy, and tortious interference with contract (Dkt. 20 ¶¶ 2-39, 246-70)[4]; and (ii) deleted certain allegations in a blatant attempt to circumvent the preclusion doctrines that Defendants had identified in their correspondence on March 31 and April 1, 2025.

Thereafter, Defendants again warned Papaya and its counsel that their pleading "persists as an improper collateral attack" on this Court's orders in the First Action, and that Defendants would "seek sanctions and recovery of attorneys' fees and costs" under Rule 11(c). McCrary Decl. Ex. D (Apr. 28, 2025 letter), at 1. Counsel for Defendants Assemble and Ms. Newton similarly warned Papaya's counsel that its tortious interference claim was frivolous. Dkt. 84-1; McCrary Decl. Ex. E (Apr. 25, 2025 letter), at 1-2. But Papaya and its counsel ignored these warnings as well.

**Fifth**, in their ensuing motion to transfer venue and to dismiss under Rules 12(b)(6) and 12(b)(7), Defendants conclusively demonstrated that Papaya's claims in each Action were premised on the same basic allegations that this Court twice rejected. *See* Dkts. 61, 63, 65, 67, 89.

---

[4] These claims were predicated on the same allegations that this Court twice rejected in the First Action regarding the design of Fair Play's website, the submission of consumer complaints to attorneys general, and interviews of Papaya's former employees. Dkt. 20 ¶¶ 2-39, 52-245.

8

Papaya and its counsel disregarded these arguments as well. While Papaya expressly acknowledged that its Second Action was related to the First Action (Dkt. 1-23 (civil cover sheet)), they opposed transferring this action to this Court. Dkt. 81.

***Sixth***, on June 5, 2025, Defendants Assemble and Ms. Newton moved for sanctions because Papaya could not establish scienter, an essential element of their tortious interference claim. Indeed, Mr. Kaim and Mr. Feldman affirmatively stated that they were *not* subject to a nondisclosure agreement. Dkt. 84 at 6. But Papaya persisted anyway.

***Seventh***, to the extent Papaya and its counsel harbored any theoretical doubt that their claims were duplicative, such doubt was dispelled by Judge Nachmanoff in his ensuing ruling on Defendants' motion to transfer venue. Judge Nachmanoff "reviewed the voluminous and often ***repetitive pleadings***," "listened carefully to the arguments of counsel," and scrutinized the "***long and tortured*** history of ***unnecessary and duplicative*** litigation in the Southern District of New York, Virginia state court, and the Eastern District of Virginia." McCrary Decl. Ex. A (07/02/25 Hr'g Tr.) 31:4-9.   After performing that painstaking review, Judge Nachmanoff reached the following conclusion: "***Papaya has blatantly attempted to get a second bite at the apple by pursuing different but clearly related defendants in a different forum after Judge Cote conclusively rejected Papaya's counterclaim and motion for leave to file a second amended counterclaim on virtually identical claims***." *Id*. at 32:21-33:4. Judge Nachmanoff accordingly transferred the case to this District, where the First Action was pending. Judge Nachmanoff left it to this Court to resolve Defendants' pending motions to dismiss rather than "***waste [] resources*** in permitting those ***issues to be relitigated*** in th[is] district." *Id*.

Had Papaya and its counsel "listened to the Court's admonishment, they should have determined that Plaintiffs' claims were clearly barred by the doctrine of res judicata." *Kahre-*

*Richardes Fam. Found., Inc. v. Vill. of Baldwinsville*, 953 F. Supp. 39, 42 (N.D.N.Y. 1997). Instead, Papaya again plowed ahead with this "unnecessary and duplicative" litigation. McCrary Decl. Ex. A (07/02/25 Hr'g Tr.) 31:4-9.

**Eighth**, Papaya and its counsel then disregarded Defendants' ensuing warning on July 7, 2025, that, "If you or Papaya continue to prosecute the action against Defendants, we will promptly seek sanctions and recovery of attorneys' fees" under Rule 11(c). McCrary Decl. Ex. F (July 7, 2025 letter), at 1.  Instead, Papaya proclaimed it would "pursue its claims against Defendants in the Southern District of New York and, if necessary, on appeal." McCrary Decl. Ex. G (July 11, 2025 letter), at 1.

**Ninth**, Papaya and its counsel then ignored the Motion for Sanctions that Defendants served on July 22, 2025, detailing why Papaya's persistence was sanctionable. McCrary Decl. Ex. H (July 22, 2025 correspondence).

**Tenth**, undeterred, Papaya and its counsel redoubled their efforts by demanding Defendants participate in a Rule 26(f) conference and, when Defendants refused, moving to compel Defendants' participation therein. Nor did Papaya and its counsel relent when Defendants indicated expressly reserved their right to seek their reasonable attorneys' fees and costs incurred in responding to Plaintiffs' baseless motion. *See* McCrary Decl. Ex. I (correspondence dated August 1-6, 2025). On August 14, 2025, Papaya's motion to compel was denied. Dkts. 134, 135, 136.

**Eleventh**, on August 6, 2025, Papaya refused to withdraw this action but instead threatened to move for sanctions ***against Defendants*** as apparent retaliation if Defendants moved for sanctions against Papaya and its counsel. McCrary Decl. Ex. J (Aug. 6, 2025 letter), at 1.

Papaya and its counsel's persistence warrants sanctions under Rule 11(b)(2). *See Edwards*,

2020 WL 2087749, at *6-7 (imposing sanctions because plaintiff "certainly knew this case was groundless," because he received "multiple warnings regarding the doctrine of res judicata," and once defendant "filed a motion to dismiss and motion for sanctions ***it would be clear*** that the instant case is frivolous"; nonetheless, plaintiff "resisted the motion to dismiss and ignored the motion for sanctions").

3. <u>Papaya Acted Unreasonably by Continuing to Prosecute Its Claims, Despite the Absence of Exceptional Circumstances Warranting Reconsideration of Judge Nachmanoff's Rulings.</u>

Papaya and its counsel's persistence is objectively unreasonable for yet another reason: they cannot plausibly establish exceptional circumstances exist, as required to obtain reconsideration of Judge Nachmanoff's determination that this action constitutes "unnecessary and duplicative litigation" and a "blatant[] attempt[] to get a second bite at the apple." McCrary Decl. Ex. A (07/2/25 Hr'g Tr.) 31:4-14, 32:21-33:4. But ***absent*** reconsideration of Judge Nachmanoff's ruling, Papaya's claims are doomed under longstanding preclusion doctrines, which bar relitigating the same claims and issues.

To resolve Defendants' motions to dismiss and to transfer venue, Judge Nachmanoff analyzed several subsidiary issues essential to resolve this Motion. These include: (i) the degree of overlap between the claims and underlying transactions in each action (*id.* at 7:9-12, 22:6-13, 23:9-24:1; Dkt. 61 at 11-12; Dkt. 67 at 8-13, Dkt. 89 at 1-6; Dkt. 92 at 4, 7-12, Dkt. 65 at 8-10); (ii) this Court's prior Orders and their relationship to Papaya's claims in this action (McCrary Decl. Ex. A (07/02/25 Hr'g Tr.) 6:10-19, 7:11-13, 24:6-19; Dkt. 61 at 4-7, 11-12, 14-16; Dkt. 67 at 8-13, Dkt. 89 at 1-6; Dkt. 92 at 9-13; Dkt. 65 at 2-5, 15-17); and (iii) whether this action constitutes an impermissible, collateral attack on this Court's prior rulings, such that the interests of justice favor transferring the case to this Court (McCrary Decl. Ex. A (07/02/25 Hr'g Tr.) 7:23-9:21, 25:21-26:8; Dkt. 61 at 12-16; Dkt. 67 at 26-28; Dkt. 92 at 8-14; Dkt. 65 at 10-14). After

11

"review[ing] the **voluminous** and **often repetitive** pleadings," "listen[ing] carefully to the arguments of counsel," and scrutinizing the "**long and tortured** history of **unnecessary and duplicative** litigation in the Southern District of New York, Virginia state court, and the Eastern District of Virginia" (McCrary Decl. Ex. A (07/02/25 Hr'g Tr.) 31:4-9), Judge Nachmanoff transferred the case to this Court. His ruling rested, *inter alia*, on two central findings: that (i) Papaya had "**blatantly attempted to get a second bite at the apple** by pursuing different but **clearly related defendants** in a different forum"; and (ii) this Court had "**conclusively rejected** . . . **virtually identical** claims." *Id*. at 32:21-33:4.

These rulings practically doom Papaya's claims. To be sure, Judge Nachmanoff left it to this Court to resolve Defendants' pending motions to dismiss rather than "**waste its resources** in permitting those **issues to be relitigated** in th[is] district." *Id*. But under established preclusion doctrines, a plaintiff is not entitled to a "second bite at the apple" to relitigate claims "virtually identical" to those "conclusively rejected" by another court. *Id*. at 32:21-33:4; Dkt. 61 at 7-16; Dkt. 92 at 8-13.

Nor has Papaya demonstrated a non-frivolous basis to obtain reconsideration of Judge Nachmanoff's ruling. To the contrary, reconsideration of even interlocutory rulings constitutes "extraordinary judicial relief" reserved for "exceptional circumstances," *Wachovia Mortg., FSB v. Toczek*, 841 F. App'x 267, 272 (2d Cir. 2021)—specifically, "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr*., 729 F.3d 99, 104, 108 (2d Cir. 2013). None of these circumstances is present here.

Independent of this fatal obstacle, Papaya fails to articulate "cogent and compelling reasons" for disturbing Judge Nachmanoff's rulings, *In re Peters*, 642 F.3d 381, 386 (2d Cir.

2011), which "continue to govern this case under the law of the case doctrine." *Ehrlich v. Berkshire Life Ins. Co.*, 2002 WL 368444, at *7 n.16 (S.D.N.Y. Mar. 7, 2002) (Cote, J.); 18 Federal Practice and Procedure § 4478 (2025) (law of the case doctrine applies when prior decisions in an ongoing case either expressly resolved an issue or necessarily resolved it by implication). "[W]here litigants have once battled for the court's decision," as Defendants have here, "they should neither be required, nor without good reason permitted, to battle for it again." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). Accordingly, sanctions are warranted under Rule 11(b)(2). *See id.* (affirming imposition of sanctions based on law of the case doctrine, where party advanced position that the court previously rejected).

### B.    Papaya Violated Fed. R. Civ. P. 11(b)(1) by Prosecuting Its Claims for an Improper Purpose.

Sanctions also are warranted because Papaya and its counsel have prosecuted this action for an "improper purpose"—to collaterally attack this Court's prior rulings and "needlessly increase the cost of litigation"—in violation of Fed. R. Civ. P. 11(b)(1).

1.    <u>Papaya and Its Counsel's Prosecution of Frivolous Claims Establishes Bad Faith Under Rule 11(b)(1).</u>

As discussed, Judge Nachmanoff determined that this Court "conclusively rejected" claims "virtually identical" to those Papaya rehashes in this action.

This "virtual identity" is "enough to permit an inference of bad faith under Rule 11(b)(1)." *Amorosa*, 2010 WL 245553, at *8. Indeed, "when applicable preclusion doctrines so clearly foreclose further litigation[,] bad faith and the intent to harass become apparent." *Scott v. Major*, 1990 WL 21319, at *1 (N.D.N.Y. Mar. 6, 1990); *Pentagen Techs. Int'l v. United States*, 63 F. App'x 548, 550 (2d Cir. 2003) (affirming imposition of sanctions based on plaintiff's "pusillanimous attempt[ ] to circumvent . . . dismissal of the instant case"); *Star Mark Mgmt.*, 2009 WL 2922851, at *13 (Rule 11(b)(1) violated because Star Mark "could have raised these claims .

13

. . in the First Action" but instead made a "***conscious choice***" to "***fil[e] a new action***").

> 2.    This Court Also May Infer Papaya's Bad Faith Based on Papaya and Its
> Counsel's Repeated Disregard of Warnings That Its Claims Were Frivolous.

As discussed, Papaya and its counsel repeatedly disregarded admonitions by this Court, by Judge Nachmanoff, and by all Defendants that their claims were duplicative. *See supra* pp. 6-11. Their recalcitrance evinces bad faith. *See Gollomp v. Spitzer*, 568 F.3d 355, 369 (2d Cir. 2009) (finding bad faith where "several courts had already instructed plaintiff's counsel that similar claims" were barred); *Mac Truong*, 2013 WL 4505190, at *4 (same; where plaintiff was "admonished by various courts for bringing repetitive" actions "plainly barred by collateral estoppel and *res judicata*"); *Lipin v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 202 F. Supp. 2d 126, 141 (S.D.N.Y. 2002) (finding bad faith because "claim preclusion clearly foreclosed further litigation"; the plaintiff was "unambiguously informed by the prior decisions that her claims are barred"; but persisted "[d]espite these warnings"); *McLoughlin v. Altman*, 1995 WL 640770, at *3 (S.D.N.Y. Oct. 31, 1995) (finding bad faith because court explicitly warned plaintiff's counsel that claims "rest[ed] on very shaky ground"); *Fox v. Boucher*, 794 F.2d 34, 37–38 (2d Cir. 1986) (finding bad faith after counsel sought to vacate judgment, where court had previously "concluded plaintiff's action was frivolous and brought in bad faith"); *Reynolds v. U.S. Capitol Police Bd.*, 357 F. Supp. 2d 19, 25 (D.D.C. 2004) (finding "bad faith" because plaintiff and his counsel disregarded prior rulings and were "warned by the defendant" that their conduct was sanctionable, "yet continued on with this lawsuit").

Particularly relevant here, in *Star Mark Management*, the plaintiff disregarded warnings— by ***both*** the prior judge and defense counsel—that its claims were barred by prior rulings. 2009 WL 2922851, at *14. Accordingly, the court concluded, "***[i]t is difficult for the court to envision a stronger case*** for the imposition of Rule 11 sanctions premised on the filing of a frivolous

complaint than the instant action." *Id*. Because Papaya and its counsel have likewise disregarded repeated warnings by multiple parties that their claims are baseless, sanctions are warranted under Rule 11(b)(1).

> 3.    <u>Papaya's Manipulation of Its Pleadings to Avoid Preclusion Further Evinces Bad Faith.</u>

Papaya and its counsel engaged in yet other conduct evidencing bad faith, in violation of Rule 11(b)(1). Specifically, they: (a) brought this action in federal court in Virginia to evade adjudication by this Court; (b) deleted factual allegations from their pleadings in an attempt to circumvent preclusion doctrines identified by Defendants; and (c) improperly used the threat of litigation to extract concessions from Ms. Newton to advance Papaya's separate litigation with Skillz. These activities, too, are sanctionable.

***First***, Papaya went to extraordinary lengths to evade adjudication by this Court. Rather than seek an interlocutory appeal of this Court's dismissal Order in the First Action, Papaya brought an entirely new action in a "different forum." McCrary Decl. Ex. A (07/2/25 Hr'g Tr.) 32:21-33:4. Its decision to sue in Virginia was particularly striking because ***Papaya itself*** designated this action as related to the First Action pending in this District (Dkt. 1-23 at 1), and because, as Judge Nachmanoff made clear,  this action had "weak ties to Virginia" (McCrary Decl. Ex. A (07/2/25 Hr'g Tr.) 32:7-13), and virtually all contacts lay with New York. *Id.* at 32:14-20 ("New York is not only convenient for the parties, but there were more than seven times as many consumer complaints that originated from New York than from Virginia"); Dkt. 65 at 5-6, 11-13; Dkt. 94 at 1-2, 7-12).

Tellingly, Papaya did not oppose Defendants' designation of the First and Second Action as "related" because they: (i) "concern the same or substantially similar parties, property, transactions, or events"; (ii) involve "substantial factual overlap"; (iii) absent reassignment of the

matter to this Court, "the parties could be subjected to conflicting orders"; and (iv) "absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses." Dkt. 110 (citing Rule 13(a)(1), S.D.N.Y. Rules for the Division of Business Among District Judges). Nor did Papaya oppose this Court's own determination that the actions were "related" on July 18, 2025. Given these facts, Papaya's decision to file an entirely new action in a different District was particularly troubling.

*Second*, Papaya's attempted evasion of preclusion principles is also evidenced by its repeated repackaging of the same allegations under different legal theories. In its original counterclaims, Papaya asserted claims for false advertising and unfair competition under 15 U.S.C. § 1125, deceptive trade practices under New York General Business Law § 349, common law defamation, common law civil conspiracy, trademark infringement claims under 15 U.S.C. § 1114, and copyright infringement under 17 U.S.C. § 501. Dkt. 51-1. In its proposed second amended counterclaims, Papaya reasserted the same claims with only minor alterations to the underlying allegations. Dkt. 51-3. Then, in its Virginia action, Papaya attempted to repackage the same allegations a third time—this time as claims for business conspiracy under Va. Code Ann. § 18.2-499, common law conspiracy, defamation, and false advertising under 15 U.S.C. § 1125. Dkt. 1. Finally, in their Amended Complaint, Papaya repackaged the same allegations a *fourth* time—this time as claims for business conspiracy under Va. Code Ann. § 18.2-499, tortious interference with contract, and common law conspiracy. Dkt. 20. Despite nominal differences in the legal theories espoused, all claims asserted were based on the same basic allegations regarding: (a) the 4FairPlay Website; (b) the submission of consumer complaints to attorneys general; and (c) the interviews of Papaya's former employees. Dkt. 61 at 11-13; Dkt. 92 at 8-12.

These maneuvers to circumvent established preclusion doctrines further evince bad faith,

in violation of Rule 11(b)(1), and have wasted judicial and party resources. *See Andre v. Merrill Lynch Ready Assets Tr.*, 97 F.R.D. 699, 702 (S.D.N.Y. 1983) (finding bad faith where plaintiff not only "continued to assert frivolous claims but she has expanded them without any justification," thereby "forc[ing] defendants and their counsel to expend significant time and resources in answering the claims"); *Smith v. Educ. People, Inc.*, 233 F.R.D. 137, 143 (S.D.N.Y. 2005) ("[G]iven the **undeniably repetitive** nature of the successive lawsuits filed, common sense suggesting that, having lost once" asserting "essentially the same facts and claims against **anyone affiliated with [defendant]**, causing needless expense to other parties and placing an unnecessary burden on the courts, warrants the conclusion that these actions are driven by a desire to harass.").

*Third*, Papaya and its counsel sought to misrepresent the operative facts by deleting from their pleadings allegations fatal to their position. For example, after Defendants sent counsel a letter on March 31, 2025, detailing why **Papaya's own allegations** foreclosed its claims under various preclusion doctrines (McCrary Decl. Ex. B), Papaya filed an Amended Complaint that simply deleted those allegations. Papaya the attempted to disclaim the very facts it had previously pled. Indeed, in its pleadings in the First Action (Dkt. 51-1 ¶¶ 181-190, 196-200, 400, 412-15; Dkt. 51-3 ¶¶ 9-28, 30-39, 142-313, 513, 531-534), as well as in its original complaint filed in the Second Action (Dkt. 1 ¶¶ 113, 122-38, 142-44, 156-57, 165-66), Papaya had alleged that Skillz conspired with Defendants to defame Papaya. Papaya also went to great lengths to detail Defendants' close relationship with Skillz. *Id*. However, after Defendants responded that this alleged co-conspirator relationship itself established privity between Skillz and Defendants and barred Papaya from relitigating the same claims (McCrary Decl. Ex. B at 2-3), Papaya filed an Amended Pleading that simply deleted the relevant allegations. McCrary Decl. Ex. K ¶¶ 2, 42-44, 113, 118, 122, 133, 141-42, 165, 181 (redline reflecting how Amended Complaint modifies original Complaint in Second

17

Action) (paragraph references to original Complaint in red).  Papaya then brazenly denied that Skillz and Defendants were co-conspirators, denied that privity existed, and proclaimed there was "no such showing" of a co-conspirator relationship:

> [Defendants] *repeatedly contend that the Amended Complaint alleges a conspiracy between them and Skillz. But this is simply wrong. The Amended Complaint (which controls the analysis) does not allege that Defendants and Skillz were co-conspirators . . . . The absence of such allegations (or any explanation of how Defendants' interests are identical to Skillz's for relevant purposes) forecloses Defendants' argument and sets this action apart from the cases on which Defendants rely.*

Dkt. 79 at 14 (citations omitted). *But see* McCrary Decl. Ex. A (07/02/25 Hr'g Tr.) 16:8-23 (alleging that "[t]he lynchpin of the schemes alleged in the complaint was 4FairPlay," and that "4FairPlay was the hub of all this [unlawful] activity"); *id*. at 12:15-17 ("Our position is that Skillz and defendants are jointly behind the 4FairPlay website."). Papaya's advocacy of positions directly contradicted by *its own prior pleadings* constitutes a textbook violation of Rules 11(b)(1) and 11(b)(3) and has wasted judicial and party resources. *See* Fed. R. Civ. P. 11(b)(3) (party may not advance "factual contentions" that lack "evidentiary support"); *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 463 (S.D.N.Y. 2023) (asserting facts contrary to prior statements evinces bad faith).

**Fourth**, Papaya manipulated its factual pleadings in yet other ways to defeat privity—tactics that further evidence bad faith. For example, in the First Action (Dkt. 51-1 ¶¶ 21, 413; Dkt. 51-3 ¶ 224), as well as the original complaint filed in the Second Action (Dkt. 1 ¶¶ 156, 165), Papaya alleged that Skillz controlled Fair Play and was functionally its alter ego. Because these allegations established privity among Skillz and the Defendants, Papaya simply deleted those allegations from its Amended Complaint to convince the Court that the *opposite* was true—i.e., that no such alleged agency or similar relationship existed. *See* Dkt. 79 at 13 (denying existence of agency relationship); McCrary Decl. Ex. K ¶¶ 5, 42-43, 118, 133, 141-42, 158, 165. Papaya

then told the Court that Skillz was not in privity with Defendants, so preclusion doctrines did not apply. Dkt. 79 at 11-15. Because Papaya's ***own pleadings*** debunk these "factual contentions" and confirm they lack "evidentiary support," its tactics evince bad faith, in violation of Rules 11(b)(1) and 11(b)(3).  Fed. R. Civ. P. 11(b)(1), (3).

***Fifth***, in its First Action (*see* Dkt. 51-1 ¶¶ 9, 18, 21, 125-27, 153, 168-69, 181, 196, 200; Dkt. 51-3 ¶¶ 9-15, 27-28, 30-31, 34, 140-43, 157-60, 177, 181-86, 195-97, 223-24, 241-51, 253, 263, 272, 306-07, 309-13), as well as in the original complaint filed in the Second Action (*see* Dkt. 1 ¶¶ 42-43, 118-119, 133, 145-46, 156, 165), Papaya stressed Skillz's central role in the alleged scheme. In their letter dated March 31, 2025, however, Defendants explained to Papaya's counsel that Skillz' alleged central role in the two actions confirmed that Papaya's claims arose from the same operative transactions and were thus barred. McCrary Decl. Ex. B, at 2-3. To convince the Court that the ***opposite*** set of facts was true, Papaya then filed an Amended Complaint, in which it simply removed its prior allegations regarding Skillz' central role. *See* McCrary Decl. Ex. K ¶¶ 19, 42-44, 86, 113, 118, 122, 133, 141-42, 145, 158, 165.

However, both Rules 11(b)(1) ***and*** 11(b)(3) forbid Papaya from advancing facts contrary to its own pleadings to avoid preclusion. *See Colliton*, 2008 WL 4386764, at *13 (imposing sanctions under Rule 11 on plaintiff for filing inconsistent factual allegations in his complaint and amended complaint "in a transparent attempt" to avoid dismissal); *Int'l Techs. Mktg. v. Verint Sys., Ltd.*, 991 F.3d 361, 368-69 (2d Cir. 2021) (reversing and remanding order denying request for sanctions where plaintiff repeatedly filed inconsistent pleadings); *Kant v. Columbia Univ.*, 2010 WL 807442, at *7 (S.D.N.Y. Mar. 9, 2010) (finding proposed amended complaint "strongly suggests bad faith" where it "directly contradict[s] the allegations in the [second amended complaint]").  Hence, as its own conduct lays bare, Papaya was keenly aware that its claims were

barred by this Court's prior rulings but manipulated its pleadings to circumvent established preclusion doctrines. These tactics further support sanctions under Rule 11(b)(1) and (b)(3).

**Sixth and finally**, Papaya improperly threatened litigation against Ms. Newton to advance Papaya's separate lawsuit against Skillz. On February 24, 2025—prior to filing its proposed amended pleadings in the First Action or bringing this action—Papaya's counsel indicated it would forego suing Ms. Newton, on condition she remove the "Confidential" designation affixed to a document production she had made in response to a subpoena Papaya served in the First Action. Dkt. 88 ¶ 8 (citing Ex. 5). While Ms. Newton had so designated those records in accordance with a stipulated protective order, Papaya apparently wished to remove that designation and bypass the applicable protective order, so it could file the materials publicly in its ongoing litigation with Skillz. *Id*. Papaya's improper offer betrays its own recognition that its claims were meritless and asserted purely to obtain negotiating leverage.

### C. Sanctions Are Also Warranted Under Fed. R. Civ. P. 11(b)(3) Because No Evidence Supports Papaya's Other Factual Assertions.

This Court also should sanction Papaya and its counsel under Rule 11(b)(3) because their other factual contentions likewise lack "evidentiary support." Fed. R. Civ. P. 11(b)(3).

Papaya's claims are premised on allegations that Defendants defamed them by asserting that Papaya had historically used bots on its platform. Dkt. 20 ¶¶ 3, 7, 9, 12-14, 17, 38, 53, 76, 79, 84-98, 111, 113-15, 121, 132-37, 143, 145-46, 148, 247, 251. But, as this Court found, Papaya has no evidence for these contentions because, "[i]n recent depositions, ***none*** of Papaya's individual deposition witnesses denied the historic use of bots, as they all asserted their Fifth Amendment rights against self-incrimination rather than testifying" and "[t]herefore, Papaya will not be in a position to prove the falsity of the supposedly defamatory statement at trial." Dkt. 51-4 at 13-14 & n.2; *see* Dkt. 61 at 2-3, 6, 17-18; Dkt. 92 at 2, 8. Because Papaya's core factual contentions

"clearly lack reasonable evidentiary support, in violation of Rule 11(b)(3)," sanctions are warranted. *AJ Energy LLC v. Woori Bank*, 2019 WL 4688629, at \*10 (S.D.N.Y. Sept. 26, 2019), *aff'd*, 829 F. App'x 533 (2d Cir. 2020); *Nyitray v. Johnson*, 205 F.3d 1324, at \*1 (2d Cir. 1999) (affirming imposition of sanctions because plaintiff "offered no competent evidence" to support defamation claim).

## II.    PAPAYA'S COUNSEL VIOLATED 28 U.S.C. § 1927

Alternatively, this Court should sanction Papaya's counsel for "unreasonably and vexatiously" multiplying proceedings, in violation of 28 U.S.C. § 1927.

"Bad faith" is the "touchstone" of an award under § 1927. *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 948 F.2d 1338, 1345 (2d Cir. 1991). Sanctions are warranted under Section 1927 where there is clear evidence that: "(1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." *Agee v. Paramount Commc'ns Inc.*, 114 F.3d 395, 398 (2d Cir. 1997).

Here, this standard is easily met. This Court's rulings clearly foreclosed Papaya's claims. Bad faith "can be inferred" under Section 1927 where, as here, counsel's actions were "so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose." *Pentagen Techs. Int'l v. United States*, 172 F. Supp. 2d 464, 473-74 (S.D.N.Y. 2001); *Davey*, 453 F. Supp. 2d at 757 (finding bad faith because, "[g]iven the outcome of his prior cases against members of Davey's family, plaintiff also should have known that bringing identical, conclusory allegations against Regina Dolan had no possibility of prevailing on the merits"); *In re Auction Houses Antitrust Litig.*, 2004 WL 2624896, at \*7-8 (S.D.N.Y. Nov. 17, 2004) (same; where counsel's position was supported by a "single thirty-year old case in a different circuit"). Papaya's improper offer to abstain from suing Ms. Newton, if she agreed to remove the

confidentiality designation affixed to her document productions, likewise evidences bad faith.

In addition, counsel's repeated disregard of warnings that its claims were barred by established preclusion doctrines also establishes the requisite bad faith under Section 1927. *See In re 60 E. 80th St. Equities, Inc*., 218 F.3d 109, 116 (2d Cir. 2000) (imposing sanctions under Section 1927 where plaintiff's counsel was "warned of [claims'] frivolity by the Bankruptcy Court" but persisted; and confirming bad faith may be inferred from clear lack of merit); *Vishipco Line v. Charles Schwab & Co*., 2003 WL 1345229, at *11 (S.D.N.Y. Mar. 19, 2003) (finding bad faith because, "[b]ased on the prior decisions in state and federal courts, [plaintiff's counsel] should have known that the issues and claims presently before this Court would be barred pursuant to the doctrines of collateral estoppel and res judicata"); *Pentagen Techs.*, 172 F. Supp. 2d at 474 (finding bad faith because "[o]ther courts have also been frustrated by the litigation brought by plaintiffs' counsel").

Notably, counsel's attempt to "[r]eformulat[e] previously adjudicated claims as conspiracy" is "not sufficient to avoid sanctions," *Vishipco Line*, 2003 WL 1345229, at *11, but rather ***itself*** evinces bad faith under Section 1927. *See Pentagen Techs.*, 172 F. Supp. 2d at 474 ("[T]he similarity between plaintiffs['] claims here and those presented in [the First Action] reflects a continuing intent to evade the rulings of courts in this district"; "[n]ot only was this litigation frivolous and repetitive, therefore, but it was intentionally so"); *Davey*, 496 F. Supp. 2d at 389 (awarding fees under Section 1927 where plaintiff filed "repetitive suits[,] despite prior court orders").

Finally, sanctions under Section 1927 are warranted here because counsel's persistence—including ***after*** Judge Nachmanoff reprimanded counsel for filing duplicative litigation—"unreasonably" "multiplie[d] the proceedings" and resulted in extensive and "unnecessary"

motion practice in Virginia and this Court, wasting judicial and party resources. 28 U.S.C. § 1927; McCrary Decl. Ex. A (07/02/25 Hr'g Tr.) 31:4-9 (noting that, as a result of counsel's maneuvers, the court was required to "review the *voluminous* and *often repetitive pleadings* and listen carefully to the arguments of counsel," and the "*long and tortured history of unnecessary and duplicative* litigation in the Southern District of New York, Virginia state court, and the Eastern District of Virginia"); *Gollomp*, 568 F.3d at 369 (citations omitted) (imposing sanctions under Section 1927 based on "plaintiff's counsel's persistence in asserting specious claims despite ample opportunity to withdraw the[m]," and despite warning by several courts that similar claims were barred); *Van Scoy v. Shell Oil Co.*, 11 F. App'x 847, 852 (9th Cir. 2001) (imposing sanctions under Section 1927 because counsel persisted in relitigating claims "[d]espite several warnings from the district court and rulings by this court that appellants' claims are without merit"); *Lewis v. Smith*, 480 F. App'x 696, 698 (3d Cir. 2012) (same; where counsel "fil[ed] an entirely separate case" asserting the same claims—thus "increas[ing] the cost of proceedings"—instead of seeking reconsideration or filing an appeal); *Reynolds*, 357 F. Supp. 2d at 26 (same; where plaintiff and counsel sought to circumvent prior unfavorable ruling by relitigating in different forum).

Because counsel's "pattern of litigation [] to evade previous rulings" resulted in "needless occupation of judicial resources," this Court should "exercise its discretion to punish counsel for its abuse of the judicial process" and "stem counsel's consistent pattern of harassment." *Pentagen Techs.*, 172 F. Supp. 2d at 473.

## III. THIS COURT SHOULD EXERCISE ITS INHERENT AUTHORITY TO SANCTION PAPAYA AND ITS COUNSEL FOR CONTINUING TO PROSECUTE MERITLESS CLAIMS AGAINST DEFENDANTS

Alternatively, this Court should exercise its inherent authority to sanction Papaya and its counsel. *See Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).

This inherent power stems from the very nature of courts and their need to be able to

"manage their own affairs so as to achieve the orderly and expeditious disposition of cases," and exists *regardless* of whether sanctions are appropriate under Rule 11 or Section 1927. *Chambers*, 501 U.S. at 43, 49-50. Its central purpose is to "make the non-violating party whole." *In re Engle Cases*, 283 F. Supp. 3d 1174, 1242 (M.D. Fla. 2017) (citing *Chambers*, 501 U.S. at 45-46). Pursuant to this authority, this Court may assess costs and attorneys' fees against Papaya and its counsel for actions undertaken in "bad faith, vexatiously, wantonly, or for oppressive reasons," *Chambers*, 501 U.S. at 45-46, or in disobedience of judicial authority, *Purchasing Power, LLC v. Bluestem Brands, Inc*., 851 F.3d 1218, 1223, 1225 (11th Cir. 2017), upon an "explicit finding of bad faith" based on specific "factual findings." *Schottenstein v. Lee*, 2023 WL 8584201, at *2 (S.D.N.Y. Dec. 11, 2023) (Cote, J.).

Here, this Courts should sanction Papaya and its counsel because Papaya's claims are: (i) "completely without merit," and counsel was warned of their frivolity, *Mata*, 678 F. Supp. 3d at 462; and (ii) barred by res judicata principles. *See Ex'r of N.Y. Est. of Kates v. Pressley & Pressley, P.A*., 2013 WL 495415, at *1, *8 (E.D.N.Y. Feb. 7, 2013); *Fried*, 113 F.R.D. at 107.

## IV.    THE COURT SHOULD AWARD DEFENDANTS THEIR REASONABLE ATTORNEY'S FEES AND COSTS

District courts have "broad discretion" to "tailor[] appropriate and reasonable sanctions," *Mac Truong*, 2013 WL 4505190, at *5, including by awarding expenses, *Cooter & Gell v. Hartmarx Corp*., 496 U.S. 384, 393 (1990), and attorney's fees. *Bressler*, 1997 WL 466553, at *8 ("A sanction for violation under Rule 11" may "clearly include attorney's fees."); *Pentagen Techs.*, 172 F. Supp. 2d at 474 (awarding defendants their attorneys' fees and costs incurred in defending matter via sanctions against plaintiff's counsel); Fed. R. Civ. P. 11(c)(4) (authorizing for "effective deterrence" the payment of "part or all of the reasonable attorney's fees and other expenses directly resulting from the violation").

24

Awarding attorney's fees is warranted where, as here, a party attempts to relitigate claims previously "conclusively decided" and that therefore have "no chance of success." *Fried*, 113 F.R.D. at 107-08; *see also Star Mark Mgmt.*, 2009 WL 2922851, at *14 ("The Second Circuit permits the award of monetary sanctions against plaintiffs who file complaints barred by *res judicata*[.]"); *Amorosa*, 2010 WL 245553, at *10 (deeming a "significant sanction" warranted against plaintiff's counsel because plaintiff "filed a pleading virtually identical to one that had already been dismissed"); *Paganucci v. City of New York*, 785 F. Supp. 467, 479 (S.D.N.Y. 1992) (awarding sanctions against plaintiff's counsel for fees and costs incurred in defending action barred by res judicata); *Kahre-Richardes Fam. Found.*, 953 F. Supp. at 42-43 (same); *Lipin*, 202 F. Supp. 2d at 140, 142-43 (awarding sanctions against plaintiff and plaintiff's counsel for attorney's fees incurred in defending previously litigated claims).

Further, this circuit "does not hesitate to affirm monetary sanctions against plaintiffs," like Papaya, "who ignore warnings from courts and nonetheless file frivolous claims." *Star Mark Mgmt.*, 2009 WL 2922851, at *14-15 (imposing attorney's fees and costs against plaintiff and its counsel where "Judge Gold repeatedly warned [plaintiff] of the frivolous nature of its claims," "[o]pposing counsel served notice and gave [plaintiff] twenty-one days to withdraw the instant action," "[y]et, [plaintiff] persisted in pursuing the instant action"); *Morley*, 66 F.3d at 25 (affirming monetary sanctions against a plaintiff and her counsel who sought to amend complaint despite the court's earlier holding prohibiting such an amendment and warning that such an action could subject her to sanctions); *Paganucci*, 993 F.2d at 312-13 (affirming award of attorney's fees because plaintiff's counsel "has demonstrated an utter lack of regard in the face of repeated admonitions concerning the lack of merit of his claims" based on res judicata principles and stressing that "[n]o court should have to endure such unreasonable and inappropriate conduct");

*Edwards*, 2020 WL 2087749, at *7 (awarding fees and costs where pro se plaintiff ignored "multiple warnings regarding the doctrine of res judicata," and because "once [defendant] filed a motion to dismiss and motion for sanctions it would be clear that the instant case is frivolous"; "[n]evertheless, [plaintiff] resisted the motion to dismiss and ignored the motion for sanctions"); *AJ Energy*, 2019 WL 4688629, at *11 ("[E]ven if AJ Energy and its counsel had an objectively reasonable basis to file this lawsuit in the first instance, sanctions would be warranted based on their persistence in the face of evidence that their allegations were 'utterly lacking in support.'") (citation omitted).

Finally, the balancing test utilized by some courts supports the same result. *See Mac Truong*, 2013 WL 4505190, at *5. Indeed, all **six** relevant factors support an award of attorney's fees here.[5] **First**, Papaya's conduct was "willful." *Id.*; *see also Amorosa*, 2010 WL 245553, at *10 (awarding "significant sanction" due to "chicanery" by plaintiff's counsel to "try to overcome" fatal bar to plaintiff's claims); *Neustein*, 130 F.R.D. at 16 (awarding attorney's fees and costs based on "clear bad faith involved in counsel's conduct").

**Second**, Papaya and its counsel's conduct was "part of a pattern or activity" in the case rather than "isolated." *Mac Truong*, 2013 WL 4505190, at *5. Papaya and its counsel ignored more than half-a-dozen warnings by this Court, by Judge Nachmanoff, and by Defendants that their claims were baseless and duplicative. *Id.*; *supra* pp. 6-10.

**Third**, Papaya and its counsel's conduct "infected the entire pleading[]" as opposed to "only one particular count or defense." Defendants' pending motions to dismiss demonstrate that **all** of Papaya's claims here are clearly foreclosed by this Court's prior rulings. *See* Dkts. 61, 63, 92, 93. Thus, Papaya's claims are frivolous. *Mac Truong*, 2013 WL 4505190, at *5.

---

[5] Some courts also consider whether the person has engaged in similar conduct in other litigation. *Id.*

**Fourth**, Papaya and its counsel's conduct impacted the "litigation process" by multiplying the number of proceedings in different courts—including requiring Judge Nachmanoff and this Court to expend "time" and "expense" needlessly wading through repetitive pleadings and briefs to resolve Defendants' motion to transfer venue, motions to dismiss, and motions for sanctions. *Mac Truong*, 2013 WL 4505190, at *5; *see Pentagen Techs.*, 172 F. Supp. 2d at 473–74 (awarding fees and costs where counsel filed successive lawsuits that were "designed to evade previous rulings," resulting in "needless occupation of judicial resources"); *Robertson v. Cartinhour*, 883 F. Supp. 2d 121, 128, 132 (D.D.C. 2012), *aff'd*, 554 F. App'x 3 (D.C. Cir. 2014) (awarding fees and costs incurred in defending action barred by res judicata in different courts in which plaintiff forum shopped).

Further, as a result of Papaya's tactics, Defendants also were required to expend resources preparing multiple letters and unnecessary motion practice. *See supra* pp. 6-10; *In re Auction Houses*, 2004 WL 2624896, at *8 (awarding fees and costs against plaintiff for action improperly filed in California—which was later removed and transferred to the Southern District of New York—that "caus[ed] defendants to incur excess costs, expenses and attorney's fees"); *John Akridge Co. v. Travelers Co.*, 944 F. Supp. 33, 34 (D.D.C. 1996) (awarding fees and costs where the plaintiff engaged in "blatant forum shopping" to "circumvent[] this Court's dismissal of its earlier suit").

**Fifth**, Papaya was represented by counsel "trained in the law" from Skadden Arps. *Mac Truong*, 2013 WL 4505190, at *5.

**Sixth and finally**, "given the financial resources" of Papaya and its counsel, an award of attorney's fees and costs is necessary to deter future misconduct. *Mac Truong*, 2013 WL 4505190, at *5. Last year, Skadden was the fifth highest grossing law firm in the world with gross revenue

of $3.6 billion and with average profits per equity partner in excess of $6 million.[6]

Accordingly, "more than a 'mere reprimand' [i]s warranted to deter repetition of the same or similar conduct" and future "duplicative litigation." *Kezhaya v. City of Belle Plaine*, 78 F.4th 1045, 1050-51 (8th Cir. 2023).

## CONCLUSION

For the foregoing reasons, "full attorneys' fees incurred in defending the action" in this Court and before Judge Nachmanoff should be awarded to the undersigned Defendants. *Weinraub v. Glen Rauch Sec., Inc.*, 419 F. Supp. 2d 507, 519 (S.D.N.Y. 2005).

Dated: August 18, 2025                    Respectfully,


                                          */s/ Ari. M. Selman*
                                          Ari M. Selman

                                          **MORGAN, LEWIS & BOCKIUS LLP**
                                          Ari M. Selman
                                          101 Park Avenue
                                          New York, NY 10178
                                          (212) 309-6000
                                          ari.selman@morganlewis.com

                                          *Counsel for Defendants Fair Play for Mobile Games; Josh Levin; Square Strategies LLC; Mavan Group, Inc.; and Valor Public Strategies LLC*


                                          */s/ Amy Epstein Gluck*
                                          Amy Epstein Gluck

                                          **PIERSON FERDINAND LLP**
                                          Amy Epstein Gluck
                                          Christina H. Bost Seaton (*pro hac vice*)
                                          Daniel Messeloff (*pro hac vice*)
                                          601 Pennsylvania Ave., NW, Suite 900

---

[6] *See* https://www.abajournal.com/news/article/this-law-firm-is-ranked-no-1-after-posting-88b-in-gross-revenue-which-other-firms-are-category-leaders; https://www.law.com/compass/firm/LF00001075/Skadden/overview.

Washington, DC 20004
 (301) 526-1184
Amy.EpsteinGluck@pierferd.com
Christina.BostSeaton@pierferd.com
Dan.Messeloff@pierferd.com

*Counsel for Defendants Assemble the Agency, LLC*
*and Lacie Newton*

29

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this Memorandum of Law complies with the length requirements of Local Rule 7.1(c) because it contains 8,747 words, excluding the caption, table of contents, table of authorities, signature block, and required certificates.

Dated:  August 18, 2025

_/s/ Ari. M. Selman_
Ari M. Selman

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 18, 2025, I caused the foregoing Memorandum of Law, Declaration of Jordan McCrary, and supporting exhibits thereto, to be electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.


*<u>/s/ Ari M. Selman</u>*
Ari M. Selman


31