# Exhibit D

# Morgan Lewis

**Jordan McCrary**
Partner
+1.213.680.6768
jordan.mccrary@morganlewis.com

April 28, 2025

**VIA E-MAIL**

Todd D. Kelly
Margaret E. Krawiec
David B. Leland
Michael A. McIntosh
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Ave. NW
Washington, DC 20005
Phone: (202) 371-7000
Fax: (202) 393-5760
todd.kelly@skadden.com
david.leland@skadden.com
margaret.krawiec@skadden.com
michael.mcintosh@skadden.com

Re:   Papaya Gaming Ltd. v. Fair Play for Mobile Games, Case No. 1:25-cv-00470 (E.D. Va.).

Counsel,

We write regarding the above captioned matter on behalf of five of the named defendants: Fair Play for Mobile Games, Josh Levin, Square Strategies LLC, Mavan Group, Inc., and Valor Public Strategies LLC (collectively, "Defendants"). As you know, Defendants' responsive pleading deadline is this Friday, May 2, 2025. Please let us know before then if your client ("Papaya") agrees to dismiss the case voluntarily to mitigate expenditures on attorneys' fees and costs.

As explained below and in our prior letter dated March 31, 2025, to which you did not respond (other than by filing the amended complaint), this action should not exist. You should not have filed the March 14, 2025 complaint, much less doubled down in the April 4, 2025 amendment.

While the amended complaint asserts a new claim and makes additional allegations, it persists as an improper collateral attack on the Southern District of New York's orders. Papaya's amended complaint does not cure the defects we raised in our March 31 letter, nor the additional defects identified below. Please be advised that Defendants continue to reserve the right to seek sanctions and recovery of attorneys' fees and costs, including pursuant to Federal Rule of Civil Procedure 11(c), 28 U.S.C. § 1927, and applicable anti-SLAPP laws. We urge you and your client to govern yourselves accordingly and immediately dismiss this case before we incur fees and costs to compel dismissal.

**Morgan, Lewis & Bockius LLP**

300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132     ☏ +1.213.612.2500
United States                                    ℻ +1.213.612.2501

1. **This Action Remains Procedurally Improper Given Papaya's Claims Were Previously Dismissed and Held to be Futile by the Southern District of New York**

In the amended complaint, Papaya continues to re-assert claims and allegations that have already been dismissed and held to be meritless by Judge Cote in the United States District Court for the Southern District of New York in Case No. 1:24-cv-01646-DLC. The amended complaint attempts to distance itself from the New York action by removing claims under the Lanham Act and common law defamation and by raising a new legal theory of tortious interference with contract, but these amendments do not cure the impropriety of Papaya's claims. Papaya's new allegations are merely a repackaging of the "interview scheme" allegations previously rejected in the New York action. Indeed, many of the new allegations in the amended Virginia complaint are identical to those in the proposed second amended complaint in New York, which the court there rejected as futile—because they fail to state a claim—in an Opinion and Order dated March 26, 2025. Moreover, despite the warnings in our March 31, 2025 letter, the amended complaint continues to allege a conspiracy claim based on the design of Fair Play's website and submission of consumer complaints to law enforcement—allegations that were previously dismissed as meritless in the New York action in an Opinion and Order dated February 7, 2025.

The relitigating of previously dismissed claims and resolved issues in a new court is improper. Papaya is not allowed to fashion new legal theories from the same factual allegations that the New York court already dismissed for failure to state a claim. *See Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008) ("Newly articulated claims based on the same transactional nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action"); *Penn Mont Sec. v. Frucher*, 502 F. Supp. 2d 443, 456 (E.D. Pa. 2007) (issue preclusion applies to the denial of a motion for leave to amend where leave was denied due to "the adequacy of the attempted pleading") (citing 18A Charles A. Wright, et al., Federal Practice and Procedure, § 4439 (2d ed.2002)).

The amended complaint continues to violate res judicata principles, including the collateral estoppel doctrine and the rule against claim splitting. Thus, the amended complaint should be promptly dismissed. As our March 31 letter to you noted, and we now remind you of again, courts impose sanctions on parties and their counsel in similar circumstances. *See also Mayhew v. Lytle*, 41 F. App'x 764, 767 (6th Cir. 2002) (affirming imposition of sanctions on a party that has made multiple attempts to relitigate issues settled in a prior suit); *Clemmons v. Wells Fargo Bank, N.A.*, 680 F. App'x 754, 761 (10th Cir. 2017) (affirming imposition of sanctions where the principles of res judicata applied); *Stilley v. James*, 48 F. App'x 595, 597 (8th Cir. 2002) (affirming grant of sanctions where plaintiff attempted to relitigate the same underlying issue that had already been decided in previous lawsuits).

2. **The Amended Complaint is Substantively Meritless for the Same Reasons the Southern District of New York Previously Held**

Procedural impropriety aside, the Virginia action remains substantively meritless for all the reasons stated in our March 31, 2025 letter, as well as those articulated in the New York court's orders, which you are well aware of given those orders were attached to our March 31 letter and your firm also represented Papaya in that action. For example, the amended complaint still does not dispute that Papaya used bots, nor can it given that Papaya's witnesses asserted their fifth amendment right

April 28, 2025
Page 3

against self-incrimination, rather than testify to Papaya's usage of bots. This continues to doom Papaya's claims, as the New York court has repeatedly explained. The amended complaint, which you signed despite the claims therein still lacking a basis in law or evidentiary support, does not cure the violations of Federal Rule of Civil Procedure 11.

Furthermore, the newly added pleadings regarding the alleged "interview scheme" are substantively meritless, as the Southern District of New York previously held. *See Skillz Platform Inc. v. Papaya Gaming, Ltd.*, 2025 WL 918411, at *6 (S.D.N.Y. Mar. 26, 2025) ("Papaya's proposed amendments related to the interview scheme are futile"). For example, Papaya cannot assert that its use of bots was confidential information subject to protection because the amended complaint alleges that Papaya's use of bots was public information before the alleged interviews ever took place. As the New York court explained:

> The PSAC alleges that Skillz used deceptive means to obtain information about Papaya's business. But it does not allege that Skillz actually did anything with that information. The PSAC mentions that, following the interviews, Skillz told reporters that Papaya was using bots in its games. But according to the PSAC itself, Skillz was publicly accusing Papaya of using bots well before the interviews took place anyway. Indeed, the PSAC says that the 4 Fair Play website, which forms much of the basis of Papaya's defamation and false advertising claims and which accused Papaya of using bots, was published as early as September 2023. In this context, characterizing the accusation that Papaya used bots as a trade secret is a stretch at best.

*Id.*

In sum, the amended complaint continues to re-assert claims that have been repeatedly dismissed as meritless in the New York action. Accordingly, the amended complaint that you signed continues to violate Federal Rule of Civil Procedure 11, as well as 28 U.S.C. § 1927.

Defendants reserve all rights and remedies.

Sincerely,

Jordan McCrary