# Exhibit G

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

1440 NEW YORK AVENUE, N.W.

WASHINGTON, D.C. 20005-2111

———

TEL: (202) 371-7000

FAX: (202) 393-5760

WWW.SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WILMINGTON
———
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
(202) 371-7303
DIRECT FAX
(202) 661-9123
EMAIL ADDRESS
MARGARET.KRAWIEC@SKADDEN.COM

July 11, 2025

**VIA EMAIL**

Jordan McCrary
Morgan, Lewis & Bockius LLP
300 South Grand Avenue
Los Angeles, CA 90071

RE:  *Papaya Gaming, Ltd. v. Fair Play for Mobile Games et al.*, No. 1:25-cv-05573-PAE (S.D.N.Y.)

Dear Mr. McCrary:

We write on behalf of Papaya Gaming, Ltd. ("Papaya") in response to your July 7 letter concerning the claims asserted against Fair Play for Mobile Games; Josh Levin; Square Strategies LLC; Mavan Group, Inc.; Valor Public Strategies LLC; Assemble the Agency LLC; and Lacie Newton (collectively, "Defendants"). Defendants' latest effort to coerce Papaya to dismiss the meritorious claims against them by threatening to seek sanctions—this time, against Papaya's counsel as well—is reckless and regrettable. We will not let your serial threats and strong-arm tactics dissuade Papaya from holding Defendants accountable for their wrongdoing. Lest there be any doubt, Papaya will pursue its claims against Defendants in the Southern District of New York and, if necessary, on appeal.

As exhaustively laid out in Papaya's briefs in the Eastern District of Virginia, the Amended Complaint states claims against Defendants. Indeed, your and Defendant Levin's sworn admissions that Defendants knowingly submitted thousands of falsified letters to government officials to entice them to initiate investigations into Papaya under false pretenses alone establishes key elements of Papaya's claims. No form of preclusion—whether claim splitting, collateral estoppel, or any other doctrine—bars the claims from moving forward. Despite your efforts to twist Judge Nachmanoff's words to support Defendants' contrived narrative, he expressly stated that a ruling on all pending motions "is a decision to be left to the Court in the Southern District

Jordan McCrary
July 11, 2025
Page 2

of New York." We are confident that Papaya will prevail in the Southern District of New York or, if necessary, on appeal.

Regardless, as you surely are aware, dismissal of a case does not alone warrant sanctions against the party that brought the claims. Courts within the Second Circuit "maintain a high bar for establishing a Rule 11 violation." *Now-Casting Econ., Ltd. v. Econ. Alchemy LLC*, 628 F. Supp. 3d 501, 521 (S.D.N.Y. 2022). And "[t]he appropriateness of sanctions is distinct from the underlying merits of a claim." *Id.* Put differently, "simply maintaining a claim that does not survive a motion to dismiss is not in and of itself frivolous." *Bank v. CreditGuard of Am., Inc.*, No. 18CV1311PKCRLM, 2020 WL 1516107, at *2 (E.D.N.Y. Mar. 30, 2020). A legal contention must "ha[ve] no chance of success" to justify the imposition of sanctions. *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factor, Ltd.*, 682 F.3d 170, 177 (2d Cir. 2012). "With regard to factual contentions, sanctions may not be imposed unless a particular allegation is utterly lacking in support." *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 388 (2d Cir. 2003).

Defendants cannot come close to meeting the high bar warranting sanctions. Accordingly, should Defendants nevertheless move forward with their misguided motion, Papaya reserves all rights to seek sanctions against and fees from Defendants. *See, e.g.*, *Koar v. United States*, No. 96 CIV. 5166 KMW, 1997 WL 1038181, at *2 n.2 (S.D.N.Y. Sept. 2, 1997) ("[T]he making of a frivolous Rule 11 motion can itself result in sanctions against the movant."); *Estate of Davis v. Trojer*, 287 F. Supp. 2d 455, 456 (S.D.N.Y. 2003) (awarding costs and attorneys' fees incurred in responding to a frivolous sanctions motion); *see also* Cal. R. Prof. Conduct 3.10(a) ("A lawyer shall not threaten to present criminal, administrative, or disciplinary charges to obtain an advantage in a civil dispute.").

Sincerely,

/s/ Margaret E. Krawiec

Margaret E. Krawiec