# Exhibit H

# Morgan Lewis

**Ari Micah Selman**
Partner
+1.212.309.6168
ari.selman@morganlewis.com

**VIA EMAIL AND FEDERAL EXPRESS**

July 22, 2025

Anthony Joseph Dreyer
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001-8602
212-735-3000

Re: *Papaya Gaming Ltd. v. Fair Play for Mobile Games*, No. 25-5573-DLC (S.D.N.Y.)

Dear Counsel:

Pursuant to Fed. R. Civ. P. 11(c), enclosed please find a copy of Defendants' forthcoming Motion for Sanctions. In accordance with the 21-day rule, Defendants are not filing the enclosed Motion on the court docket at this time.

Sincerely,


*/s/ Ari M. Selman*
Ari M. Selman

AMS

**Morgan, Lewis & Bockius LLP**

101 Park Avenue
New York, NY  10178-0060           T +1.212.309.6000
United States                                     F +1.212.309.6001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAPAYA GAMING, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> FAIR PLAY FOR MOBILE GAMES, *et al.*, <br><br> Defendants. | Case No. 1:25-cv-05573-DLC |

## DEFENDANTS' MOTION FOR SANCTIONS

Pursuant to Federal Rule of Civil Procedure 11(c), 28 U.S.C. § 1927, and the Court's inherent authority to impose sanctions, Defendants Fair Play for Mobile Games, Josh Levin, Square Strategies LLC, Mavan Group, Inc., Valor Public Strategies LLC (collectively, the "MLB Defendants"), Assemble the Agency LLC ("Assemble"), and Lacie Newton ("Ms. Newton") (together with the MLB Defendants, "Defendants") move for sanctions against Plaintiff Papaya Gaming, Ltd. ("Papaya") and its counsel, Skadden, Arps, Slate, Meagher & Flom LLP, along with an award of any further relief that the Court deems just and proper.

A copy of this motion (the "Motion") was served on Papaya's counsel on July 22, 2025, to provide Papaya and its counsel with an opportunity to withdraw or appropriately correct its improper pleadings in this action. Defendants have also contemporaneously filed a Memorandum of Law and declaration(s) in further support of this Motion.

**I.     PROCEDURAL HISTORY AND CONDUCT WARRANTING SANCTIONS**

In this action, Papaya re-asserts claims based on allegations that this Court twice rejected in a related action (the "Earlier Action"). *See* Case No. 1:24-cv-01646-DLC. In that Earlier Action—just as here—Papaya alleges that Defendants conspired with Skillz Platform Inc.

("Skillz") to defame Papaya by collecting consumer complaints regarding Papaya's deceptive use of bots in its mobile games via a website, www.4fairplay.org (the "4FairPlay Website"), by disseminating those complaints to attorneys general, and by interviewing Papaya's former employees regarding Papaya's use of bots.

Even before this Court's adverse rulings in the Earlier Action, Papaya had filed a similar action in the Circuit Court of Arlington County, Virginia, *Papaya Gaming, Ltd. v. John Doe*, Case No. CL24001202-00 (the "Virginia State Court Litigation"). In that litigation, Papaya made the same allegations that it now recycles in this action regarding the 4FairPlay Website. Thereafter, Papaya abandoned the Virginia State Court Litigation and, instead, chose to litigate its claims as counterclaims against Skillz in the Earlier Action and, after that maneuver failed, as affirmative claims in this action.

On February 7, 2025 (i.e., before this action was filed), this Court dismissed Papaya's counterclaims against Skillz in the Earlier Action under Fed. R. Civ. P. 12(b)(6). Papaya's counterclaims were premised on the same allegations involving the 4FairPlay Website that Papaya now rehashes in this action. In the Earlier Action, Papaya alleged—just as it does in this action— that Skillz orchestrated a conspiracy with Defendants to harm Papaya via the 4FairPlay Website. While Papaya chose not to name Defendants as formal parties in the Earlier Action, Papaya expressly identified Defendants by name and alleged that they were co-conspirators with Skillz based on the same purported activities addressed in this action.

On March 3, 2025 (i.e., before this action was filed), Papaya filed a motion for leave to file a second amended counterclaim against Skillz in the Earlier Action, in which it made the same allegations that Papaya rehashes here regarding: (a) the 4FairPlay Website; (b) the submission of consumer complaints to attorneys general; and (c) the interviews of Papaya's former employees.

2

On March 26, 2025, this Court denied Papaya's motion for leave to amend on grounds that Papaya's proposed amendments were "futile" because they failed to state a claim.

On March 14, 2025, Papaya filed an action in the Eastern District of Virginia, asserting claims for common law conspiracy, business conspiracy in violation of Va. Code Ann. § 18.2-499, defamation, and false advertising in violation of 15 U.S.C. § 1125(a)(1)(B)—all premised on the same allegations that this Court twice rejected as meritless in the Earlier Action, regarding the design of Fair Play's website and its submission of consumer complaints to attorneys general. Dkt. 1. The case was assigned to Judge Nachmanoff.[1]

On March 31, 2025, counsel for the MLB Defendants sent Papaya's counsel a letter advising that: "Papaya is improperly asserting claims that have already been dismissed"; "Papaya should promptly dismiss the case voluntarily to mitigate expenditures on attorneys' fees and costs in a case that should not exist"; and Defendants would "seek sanctions and recovery of attorneys' fees and costs, including pursuant to Federal Rule of Civil Procedure 11(c)." Shortly thereafter, on April 1, 2025, counsel for Defendants Assemble and Ms. Newton sent Papaya's counsel a letter that also advised that the claims asserted in the Eastern District of Virginia were without merit, and that they would seek sanctions if Papaya continued to pursue those claims.

Instead, to circumvent this Court's prior ruling, Papaya doubled down on its initial strategy by attempting to conjure a different theory based on the same substantive averments. Accordingly, on April 4, 2025, Papaya filed an Amended Complaint, in which it asserted claims for business conspiracy in violation of Va. Code Ann. § 18.2-499, common law conspiracy, and tortious interference with contract—all premised on the same allegations that this Court twice rejected as

---

[1] This action, which was subsequently transferred to the Southern District of New York (Dkts. 103 and 104), became the instant action.

3

meritless in the Earlier Action, regarding the design of Fair Play's website, its submission of consumer complaints to attorneys general, and the interviews of Papaya's former employees. Dkt. 20.

On April 25, 2025, counsel for Defendants Assemble and Ms. Newton sent counsel for Papaya a letter informing counsel that its newly-asserted tortious interference claim was without merit, based upon documents that were produced by Assemble and Ms. Newton in the Earlier Action in response to subpoenas served by Papaya. Counsel referred Papaya's counsel to the documents in their production and requested that Papaya withdraw the claims against them based upon those documents, as well as for the reasons set forth in their previous letter dated April 1, 2025, and informed Papaya that they would seek sanctions should Papaya choose to continue the action.

Similarly, on April 28, 2025, Defendants' counsel sent Papaya's Counsel a letter advising that the FAC "persists as an improper collateral attack" on this Court's orders in the Earlier Action and again warned that Defendants would "seek sanctions and recovery of attorneys' fees and costs, including pursuant to Federal Rule of Civil Procedure 11(c)."

On May 2, 2025, all Defendants filed motions to dismiss under Rule 12(b)(6) and Rule 12(b)(7). Dkts. 40, 49, and 52. Alternatively, Defendants filed motions to transfer the case from the Eastern District of Virginia to the Southern District of New York. Dkts. 50 and 52.

On June 5, 2025, Defendants Assemble and Ms. Newton filed a motion for sanctions under Fed. R. Civ. P. 11. Dkt. 83.

On July 2, 2025, Judge Nachmanoff heard the foregoing motions. Judge Nachmanoff granted all Requests for Judicial Notice, as well as Defendants' motion to transfer the action to the Southern District of New York. Dkts. 103 and 104. In so doing, he stated that a decision on

4

Defendants' pending motions will "be left to the Court in the Southern District of New York" because that "is the most appropriate venue for adjudicating these claims to the extent there's any avenue for them to move forward." *Id*.

Judge Nachmanoff found that Papaya had engaged in "unnecessary and duplicative litigation in the Southern District of New York, Virginia state court, and the Eastern District of Virginia," and that "Papaya has blatantly attempted to get a second bite at the apple by pursuing different but clearly related defendants in a different forum after Judge Cote conclusively rejected Papaya's counterclaim and motion for leave to file a second amended counterclaim on virtually identical claims." *Id*. The action was then transferred to the Southern District of New York.

On July 7, 2025, Defendants' counsel, on behalf of all Defendants, sent Papaya's counsel a letter warning: "If you or Papaya continue to prosecute the action against Defendants, we will promptly seek sanctions and recovery of attorneys' fees pursuant to FRCP 11(c)."

Papaya refused to withdraw its claims. Instead, on July 11, 2025, Papaya's counsel responded: "Papaya will pursue its claims against Defendants in the Southern District of New York and, if necessary, on appeal."

On July 17, 2025, counsel for the MLB Defendants, on behalf of all Defendants, filed a Statement of Relatedness, explaining the numerous reasons why this action and the Earlier Action were related under the applicable local rules.

The next day, this action was reassigned from Judge Engelmayer to Judge Cote.

## II. **BASES FOR SANCTIONS**

Defendants respectfully request sanctions against Papaya and its counsel under Fed. R. Civ. P. 11(c) on four independent grounds.[2]

---

[2] In addition, the motion for sanctions brought by Assemble and Ms. Newton remains pending (Dkt. 83), and counsel for Assemble and Ms. Newton respectfully requests that it be granted in its

5

*First*, Papaya and its counsel violated Rule 11(b)(1)—which prohibits parties and their counsel from signing, filing, or later advocating for a pleading that is "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"— by presenting and continuing to prosecute the Amended Complaint for improper purposes. These improper purposes include to harass Defendants, to saddle Defendants with unnecessary litigation costs, and to obtain a second bite at the proverbial apple, *after* this Court twice dismissed claims premised on virtually identical allegations made by Papaya, and *despite* Judge Nachmanoff's determination that Papaya had engaged in "unnecessary and duplicative litigation" and "blatantly attempted to get a second bite at the apple … in a different forum after Judge Cote conclusively rejected Papaya's counterclaim and motion for leave to file … virtually identical claims." Courts routinely impose sanctions in these circumstances. *See, e.g., Corsini v. Bloomberg*, 26 F. Supp. 3d 230, 245-49 (S.D.N.Y. 2014) (imposing Rule 11 sanctions against "party who re-files an action that is materially identical to an action previously dismissed by a court as being without legal merit"); *Smith v. Educ. People, Inc.*, 233 F.R.D. 137, 138 (S.D.N.Y. 2005), *aff'd sub nom., Smith v. The Educ. People, Inc.*, No. 05-2971-CV(L), 2008 WL 749564 (2d Cir. Mar. 20, 2008) (sanctioning party for filing litigation in Maine and Illinois federal courts against different parties arising out of the same facts and issues already litigated and rejected in New York).

*Second*, Papaya's counsel violated Rule 11(b)(2), which requires that pleadings be "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law." Fed. R. Civ. P. 11(b)(2). Here, the Amended Complaint is not warranted by existing law because the allegations and claims therein are barred by res judicata principles.

---

entirety. To preserve all rights, the motion for sanctions brought by counsel for Assemble and Ms. Newton (Dkts. 83-88, 95-96) is incorporated herein by reference in its entirety.

Indeed, this Court twice rejected claims predicated on virtually identical allegations. Additionally, the claims in the Amended Complaint are not warranted by existing law because the claims fail on the merits given the dispositive shortcomings previously identified by this Court, which the Amended Complaint has not cured. These include that Papaya's allegations failed to show that: (1) Papaya's former employees disclosed any confidential information; and (2) the challenged statements on the Fair Play Website and in complaints to attorneys general were materially false.

*Third*, for these same reasons, Papaya's counsel violated 28 U.S.C. § 1927, which provides, "Any attorney or other person admitted to conduct cases in any court of the United States ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

*Fourth and finally*, imposition of sanctions against Papaya and its counsel is warranted under this Court's "inherent power to sanction a party or an attorney who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124, 141 (2d Cir. 2023) (citations omitted).

### III.   SANCTIONS REQUESTED

For the foregoing reasons, Defendants respectfully request that the Court:

1. Award Defendants their reasonable attorneys' fees and costs and deem Papaya and its counsel jointly and severally liable for the foregoing, in an amount to be determined following a motion for attorneys' fees by Defendants;

2. Enter an Order barring Papaya and its counsel from filing any future lawsuits without leave of Court, in which the allegations relate to or arise from: (1) the 4FairPlay Website; (2) Defendants' submission of complaints to attorneys general; or (3) Defendants' alleged interviews of Papaya's former employees; and

3. Award any further relief that the Court deems just and proper.

Dated: July 22, 2025

Respectfully submitted,

| | |
|---|---|
| */s/ Ari M. Selman* | */s/ Christina H. Bost Seaton* |
| **MORGAN, LEWIS & BOCKIUS LLP** | **PIERSON FERDINAND LLP** |
| Ari M. Selman | Christina H. Bost Seaton |
| 101 Park Avenue | Daniel Messeloff |
| New York, NY 10178 | 1270 Avenue of the Americas |
| (212) 309-6000 | 7th Floor, #1050 |
| ari.selman@morganlewis.com | New York, New York 10020 |
| | (917) 765-8201 |
| Beth Herrington (*pro hac vice pending*) | christina.bostseaton@pierferd.com |
| 110 North Wacker Drive | dan.messeloff@pierferd.com |
| Suite 2800 | |
| Chicago, IL 60606 | Amy Epstein Gluck (*pro hac vice pending*) |
| (312) 324-1445 | 601 Pennsylvania Avenue, N.W. |
| beth.herrington@morganlewis.com | Suite 900 |
| | Washington, DC 20004 |
| | (301) 526-1184 |
| Jordan McCrary (*pro hac vice pending*) | amy.epsteingluck@pierferd.com |
| 300 South Grand Avenue | |
| Twenty-Second Floor | |
| Los Angeles, CA 90071 | *Counsel for Defendants Assemble* |
| (213) 680-6768 | *the Agency, LLC; and Lacie Newton* |
| jordan.mccray@morganlewis.com | |

*Counsel for Defendants Fair Play for Mobile Games; Josh Levin; Square Strategies LLC; Mavan Group, Inc.; and Valor Public Strategies LLC*

## **CERTIFICATE OF SERVICE**

I, Ari M. Selman, hereby certify that the foregoing Motion of Defendants for Sanctions was served on counsel of record for Plaintiff Papaya Gaming, Ltd. via email and by Federal Express on July 22, 2025.

*/s/ Ari M. Selman*
Ari M. Selman