# Exhibit I

| | |
|---|---|
| **From:** | McIntosh, Michael A (WAS) |
| **Sent:** | Wednesday, August 6, 2025 10:36 PM |
| **To:** | 'Selman, Ari Micah'; McCrary, Jordan; Herrington, Beth; Christina Bost Seaton; Amy Epstein Gluck |
| **Cc:** | Dreyer, Anthony J (NYC); Krawiec, Margaret E (WAS); Leland, David B (WAS); Kelly, Todd D (WAS) |
| **Subject:** | RE: [Ext] RE: Papaya Gaming, Ltd. v. Fair Play for Mobile Games, No. 1:25-cv-05573-DLC (S.D.N.Y.) |

Ari,

Defendants' constraints on the joint letter, which we proposed precisely to avoid the need to burden Judge Cote with dueling submissions on this simple question, are too restrictive. The parties should proceed accordingly as they see fit.

**Michael A. McIntosh**
Counsel
**Skadden, Arps, Slate, Meagher & Flom LLP**
1440 New York Avenue, N.W. | Washington | D.C. | 20005-2111
T: +1.202.371.7201 | F: +1.202.661.8201
michael.mcintosh@skadden.com

**From:** Selman, Ari Micah <ari.selman@morganlewis.com>
**Sent:** Wednesday, August 6, 2025 12:55 PM
**To:** McIntosh, Michael A (WAS) <Michael.McIntosh@skadden.com>; McCrary, Jordan <jordan.mccrary@morganlewis.com>; Herrington, Beth <beth.herrington@morganlewis.com>; Christina Bost Seaton <christina.bostseaton@pierferd.com>; Amy Epstein Gluck <amy.epsteingluck@pierferd.com>
**Cc:** Dreyer, Anthony J (NYC) <Anthony.Dreyer@skadden.com>; Krawiec, Margaret E (WAS) <Margaret.Krawiec@skadden.com>; Leland, David B (WAS) <David.Leland@skadden.com>; Kelly, Todd D (WAS) <Todd.Kelly@skadden.com>; Selman, Ari Micah <ari.selman@morganlewis.com>
**Subject:** [Ext] RE: Papaya Gaming, Ltd. v. Fair Play for Mobile Games, No. 1:25-cv-05573-DLC (S.D.N.Y.)

Anthony:

We disagree with your reading of the Court's Orders, and believe Judge Cote would be particularly disinclined to proceed with discovery or have Defendants expend resources participating in a Rule 26(f) conference and preparing an associated discovery plan, for the reasons set forth in my August 5th email.

While your email suggests that proceeding with a Rule 26(f) conference now would avoid inefficiency, Judge Nachmanoff underscored the *opposite*—that Papaya's prosecution of "unnecessary and duplicative litigation in the Southern District of New York, Virginia state court, and the Eastern District of Virginia" has wasted judicial and party resources. Indeed, so concerned was Judge Nachmanoff by Papaya's "blatant[] attempt[] to get a second bite at the apple by pursuing different but clearly related defendants in a different forum after Judge Cote conclusively rejected Papaya's counterclaim and motion for leave to file a second amended counterclaim on virtually identical claims" that he declined to "waste [the Court's] resources in permitting those issues to be relitigated in this district[.]" 07/02/25 Hr'g Tr. 31:4-9, 32:21-33:4, 32:21-33:4. So, we believe it is implausible that Judge Cote would further compound that waste and inefficiency by insisting on participation in a Rule 26(f) conference and preparation of a Scheduling Order.

While we believe Judge Cote's Orders are clear, we would be amenable to the submission of a joint letter requesting clarification thereof, on condition that each party may explain its respective positions in separate sections of equal length.

Regards,

Ari


**Ari Micah Selman**
**Morgan, Lewis & Bockius LLP**
101 Park Avenue | New York, NY 10178-0060
Direct: +1.212.309.6168 | Main: +1.212.309.6000 | Fax: +1.212.309.6001
Assistant: Liz Salas | +1.212.309.6323 | liz.salas@morganlewis.com
ari.selman@morganlewis.com | www.morganlewis.com



---

**From:** McIntosh, Michael A <Michael.McIntosh@skadden.com>
**Sent:** Wednesday, August 6, 2025 10:28 AM
**To:** Selman, Ari Micah <ari.selman@morganlewis.com>; McCrary, Jordan <jordan.mccrary@morganlewis.com>; Herrington, Beth <beth.herrington@morganlewis.com>; Christina Bost Seaton <christina.bostseaton@pierferd.com>; Amy Epstein Gluck <amy.epsteingluck@pierferd.com>
**Cc:** Dreyer, Anthony J <Anthony.Dreyer@skadden.com>; Krawiec, Margaret E <Margaret.Krawiec@skadden.com>; Leland, David B <David.Leland@skadden.com>; Kelly, Todd D <Todd.Kelly@skadden.com>
**Subject:** RE: Papaya Gaming, Ltd. v. Fair Play for Mobile Games, No. 1:25-cv-05573-DLC (S.D.N.Y.)

[EXTERNAL EMAIL]
Ari,

Defendants' refusal to participate in a Rule 26(f) conference is improper and unjustified.

As you are aware, Rule 26(f) requires the parties to "confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under 16(b)." Rule 16(a)(2), in turn, requires a judge to issue a scheduling order "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." In this case, the September 10 conference is set to take place nearly 160 days after service of the Amended Complaint and more than 130 days after Defendants entered their appearances. Notwithstanding your strained efforts to turn the September 10 conference into something else, the most reasonable reading of Judge Cote's order is that Judge Cote is complying with Rule 16 and intends to discuss the parties' discovery efforts at that conference, including proposed discovery plans—or, indeed, that Judge Cote presumes that the parties already have conducted the Rule 26(f) conference in light of the substantial passage of time since this action was initiated. A contrary reading would delay progress in this case and lead to inefficiencies that conflict with Judge Cote's usual practice.

As you know, moreover, Defendants have not sought, much less obtained, a stay of discovery in this action. And, indeed, the cases cited in your email recognize that "discovery should not be routinely

stayed simply on the basis that a motion to dismiss has been filed." *O'Sullivan v. Deutsche Bank AG*, No. 17 Civ. 8709 (LTS) (GWG), 2018 WL 1989585, at *3 (S.D.N.Y. Apr. 26, 2018). Defendants have offered no persuasive reason to depart from that general practice in this case. In any event, Papaya has not served any discovery requests on Defendants and our only request at this point is to conduct the mandatory Rule 26(f) conference so that the parties can meet and confer concerning a discovery plan. Defendants will be free to articulate their position on the course of discovery in that filing.

Nevertheless, to conserve resources and avoid a protracted dispute, we propose that the parties jointly file a letter asking Judge Cote to clarify whether the September 10 conference is a scheduling conference and whether the parties must conduct a Rule 26(f) conference and submit a discovery plan in advance of the September 10 conference. If this approach is agreeable to Defendants, we will circulate a proposed joint letter for your review.

We reserve all rights.

**Michael A. McIntosh**
Counsel
**Skadden, Arps, Slate, Meagher & Flom LLP**
1440 New York Avenue, N.W. | Washington | D.C. | 20005-2111
T: +1.202.371.7201 | F: +1.202.661.8201
michael.mcintosh@skadden.com

---

**From:** Selman, Ari Micah <ari.selman@morganlewis.com>
**Sent:** Tuesday, August 5, 2025 7:17 AM
**To:** McIntosh, Michael A (WAS) <Michael.McIntosh@skadden.com>; McCrary, Jordan <jordan.mccrary@morganlewis.com>; Herrington, Beth <beth.herrington@morganlewis.com>; Christina Bost Seaton <christina.bostseaton@pierferd.com>; Amy Epstein Gluck <amy.epsteingluck@pierferd.com>
**Cc:** Dreyer, Anthony J (NYC) <Anthony.Dreyer@skadden.com>; Krawiec, Margaret E (WAS) <Margaret.Krawiec@skadden.com>; Leland, David B (WAS) <David.Leland@skadden.com>; Kelly, Todd D (WAS) <Todd.Kelly@skadden.com>
**Subject:** [Ext] RE: Papaya Gaming, Ltd. v. Fair Play for Mobile Games, No. 1:25-cv-05573-DLC (S.D.N.Y.)

Michael:

I write on behalf of Defendants Fair Play for Mobile Games, Josh Levin, Square Strategies LLC, Mavan Group, Inc., and Valor Public Strategies LLC.

We do not believe a Rule 26(f) conference is required or appropriate at this time. While the Rules provide for a Rule 26(f) conference at least 21 days before a Scheduling Conference, no Scheduling Conference has been set by Judge Cote. Rather, on July 22, 2025, the Court set a "Status Conference" (Dkt. 120), which the Court subsequently adjourned. Furthermore, the Court directed that the parties submit a "status letter"—not a written report outlining a proposed discovery plan, as would typically be required in advance of a Scheduling Conference. Dkt. 120. Finally, we note that Judge Cote typically holds Scheduling Conferences on Fridays, but the Status Conference was originally scheduled for Thursday, September 11, 2025, and subsequently reset for Thursday, September 18, 2025, and then Wednesday, September 10, 2025.

Additionally, we believe that a Rule 26(f) conference, and Papaya's prosecution of costly and burdensome discovery, is particularly unwarranted in light of Judge Nachmanoff's recent ruling—following his review of the "long and tortured history of unnecessary and duplicative litigation in the Southern District of New York, Virginia state court, and the Eastern District of Virginia"—that "Papaya has blatantly attempted to get a second bite at the apple by pursuing different but clearly related defendants in a different forum after Judge Cote conclusively rejected Papaya's counterclaim and motion for leave to file a second amended counterclaim on virtually identical claims." 07/02/25 Hr'g Tr. 31:4-9, 32:21-33:4. In light of Judge Nachmanoff's ruling, we believe Judge Cote would

have particularly strong reservations with Papaya's apparent desire to commence discovery anyway and with the imposition of discovery burdens on Defendants.

Finally, we stress that a stay of discovery, including any Rule 26(f) conference, would be especially appropriate during the pendency of Defendants' motion to dismiss, on which success is likely and which would dispose of the entire case.  *See, e.g., O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585, at *10 (S.D.N.Y. Apr. 26, 2018) (ordering a stay of discovery, including the Rule 26(f) conference, given the strength of defendants' motions to dismiss and the potential burden of plaintiffs' broad discovery requests); *HAHA Glob., Inc. v. Barclays*, 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020) (ordering stay of discovery pending defendant's motion stating viable grounds for dismissal of the majority of plaintiff's claims); *Spinelli v. Nat'l Football League*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (granting a stay of discovery because a "stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.")

Based on the foregoing, please advise by August 7 whether Papaya still demands Defendants' participation in a Rule 26(f) conference in advance of the scheduled Status Conference.  We reserve the right to pursue attorney's fees and costs for Papaya's continued prosecution of its claims, including any demand that Defendants participate in a Rule 26(f) conference or other discovery, following Judge Nachmanoff's ruling.

Regards,

Ari


**Ari Micah Selman**
**Morgan, Lewis & Bockius LLP**
101 Park Avenue | New York, NY 10178-0060
Direct: +1.212.309.6168 | Main: +1.212.309.6000 | Fax: +1.212.309.6001
Assistant: Liz Salas | +1.212.309.6323 | liz.salas@morganlewis.com
ari.selman@morganlewis.com | www.morganlewis.com



GLOBAL IMPACT OF THE US ADMINISTRATION
Visit our resource center

---

**From:** McIntosh, Michael A <Michael.McIntosh@skadden.com>
**Sent:** Friday, August 1, 2025 3:05 PM
**To:** Selman, Ari Micah <ari.selman@morganlewis.com>; McCrary, Jordan <jordan.mccrary@morganlewis.com>; Herrington, Beth <beth.herrington@morganlewis.com>; Christina Bost Seaton <christina.bostseaton@pierferd.com>; Amy Epstein Gluck <amy.epsteingluck@pierferd.com>
**Cc:** Dreyer, Anthony J <Anthony.Dreyer@skadden.com>; Krawiec, Margaret E <Margaret.Krawiec@skadden.com>; Leland, David B <David.Leland@skadden.com>; Kelly, Todd D <Todd.Kelly@skadden.com>
**Subject:** Papaya Gaming, Ltd. v. Fair Play for Mobile Games, No. 1:25-cv-05573-DLC (S.D.N.Y.)

[EXTERNAL EMAIL]
Counsel:

As you know, the parties are required to hold a Rule 26(f) conference at least 21 days before the September 10 conference set by Judge Cote.  Please let us know your availability to hold the conference next week.

Thanks,

4

Mike

**Michael A. McIntosh**
Counsel
**Skadden, Arps, Slate, Meagher & Flom LLP**
1440 New York Avenue, N.W. | Washington | D.C. | 20005-2111
**T: +1.202.371.7201** | **F: +1.202.661.8201**
**michael.mcintosh@skadden.com**

------------------------------------------------------------------------------

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

==============================================================================

CONFIDENTIALITY AND PRIVACY NOTICE: This email is from a law firm and may contain information that is confidential, privileged, and/or attorney work product. This email may also contain personal data, which we process in accordance with applicable data protection laws and our Privacy Policies and Notices. If you are not the intended recipient, you may not review, copy, or distribute this message. If you have received this email in error, please contact the sender immediately and delete all copies from your system.

------------------------------------------------------------------------------

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

==============================================================================