# Exhibit J

# Skadden, Arps, Slate, Meagher & Flom LLP

1440 NEW YORK AVENUE, N.W.

WASHINGTON, D.C. 20005-2111

———

TEL: (202) 371-7000
FAX: (202) 393-5760
WWW.SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WILMINGTON
———
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
(202) 371-7303
DIRECT FAX
(202) 661-9123
EMAIL ADDRESS
Margaret.Krawiec@SKADDEN.COM

August 6, 2025

**VIA EMAIL**

Ari Micah Selman, Esq.
Morgan, Lewis & Bockius LLP
101 Park Ave.
New York, NY 10178

RE: *Papaya Gaming, Ltd. v. Fair Play for Mobile Games et al.*, No. 1:25-cv-05573-DLC (S.D.N.Y.)

Dear Mr. Selman:

    We write on behalf of Papaya Gaming, Ltd. ("Papaya") in response to your July 22 letter threatening to seek sanctions against Papaya Gaming, Ltd. and its counsel on behalf of Fair Play for Mobile Games; Josh Levin; Square Strategies LLC; Mavan Group, Inc.; Valor Public Strategies LLC; Assemble the Agency LLC; and Lacie Newton (collectively, "Defendants"). Defendants' threatened motion—which takes the extraordinary step of seeking to sanction Skadden as counsel for Papaya—is only the latest in a series of unfortunate attempts to chill Papaya's efforts to hold Defendants accountable for their tortious and unlawful actions. While Defendants might dispute the merits of Papaya's claims, that alone does not justify sanctions, as we have exhaustively detailed in prior correspondence and Defendants have not rebutted. To be clear, if Defendants file their frivolous motion for sanctions, Papaya will seek sanctions against Defendants.

    The basis for Defendants' threatened motion is that, according to Defendants, non-final orders entered in a case involving a different defendant and different claims formally preclude Papaya's claims asserted in this action. But Defendants ignore that a controlling Second Circuit case dismantles this argument. As the court there explained, "if a plaintiff suffers the same harm at the hands of two defendants, the plaintiff may institute one suit against one defendant and a separate suit against another defendant alleging that each caused his injury." *Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 498, 505 (2d Cir. 2019). Where, as here, defendants who were not parties to the earlier action seek to invoke the doctrine against claim splitting, they

must establish the "narrow circumstances" justifying a finding that they are in "privity" with the defendant in the earlier action. *Id.* at 506.

The sole basis that Defendants cite to support a finding that they are in privity with Skillz Platform Inc. ("Skillz"), the defendant in the earlier action, is that Defendants and Skillz were co-conspirators. But, as Papaya has established, *Sacerdote* forecloses a finding of privity based solely on a co-conspirator relationship. There, the Second Circuit held that the Supreme Court's strict restrictions on privity articulated in *Taylor v. Sturgell*, 553 U.S. 880 (2008), "apply in the context of the rule against duplicative litigation." *Sacerdote*, 939 F.3d at 506–07. The court made clear that a defendant must establish one of the six bases of privity outlined in *Taylor* to successfully invoke the rule against claim splitting. *Id.* at 509. A relationship as co-conspirators is not a cognizable basis for finding privity under *Taylor*. Defendants have no answer for *Sacerdote*. They simply cannot square their preclusion argument with binding Second Circuit precedent.

Papaya is confident that it will prevail in the face of Defendants' arguments in response to the Amended Complaint, including Defendants' request to dismiss the case as precluded. Regardless, *Sacerdote* alone dooms Defendants' threatened motion for sanctions. As you are aware, "simply maintaining a claim that does not survive a motion to dismiss is not in and of itself frivolous." *Bank v. CreditGuard of Am., Inc.*, No. 18CV1311PKCRLM, 2020 WL 1516107, at *2 (E.D.N.Y. Mar. 30, 2020). A legal contention must "ha[ve] no chance of success" to justify the imposition of sanctions. *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 177 (2d Cir. 2012). Surely, given the Second Circuit's rejection of the predicate for Defendants' motion to dismiss and request for sanctions, Defendants cannot credibly argue that Papaya's position "has no chance of success," *id.* Nor can Defendants otherwise establish that Papaya brought this action in bad faith. The conclusory assertions in your prior correspondence and draft motion are groundless. Even if Papaya's claims are precluded by non-final orders entered in separate litigation (and they are not), Papaya will have the opportunity to obtain appellate review of those orders. Waiting to assert claims against Defendants until the appellate reversal of those non-final orders would risk dismissal on statute-of-limitations grounds.

Because Defendants cannot meet the high bar warranting sanctions and their threatened motion is frivolous, Papaya will seek sanctions against and fees from Defendants should they file a motion for sanctions against Papaya or its counsel. *See, e.g.*, *Koar v. United States*, No. 96 CIV. 5166 KMW, 1997 WL 1038181, at *2 n.2 (S.D.N.Y. Sept. 2, 1997) ("[T]he making of a frivolous Rule 11 motion can itself result in sanctions against the movant."); *Estate of Davis v. Trojer*, 287 F. Supp. 2d 455, 456 (S.D.N.Y. 2003) (awarding costs and attorneys' fees incurred in responding to a frivolous sanctions motion); *see also* Cal. R. Prof. Conduct 3.10(a) ("A lawyer shall not threaten to present criminal, administrative, or disciplinary charges to obtain an advantage in a civil dispute.").

Ari Micah Selman, Esq.
August 6, 2025
Page 3

                      Sincerely,

                      <u>/s/ Margaret E. Krawiec</u>

                      Margaret E. Krawiec

cc:    Michele A. Coffey, Esq.
        Jill A. Guldin, Esq.