IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAPAYA GAMING, LTD., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:25-cv-05573-DLC |
| FAIR PLAY FOR MOBILE GAMES, *et al.*, | ) |
| Defendants. | ) |

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION FOR SANCTIONS**

## TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................. 1

ARGUMENT ........................................................................................................................ 2

I.    DEFENDANTS' ARGUMENTS TO AVOID PRECLUSION FAIL .............................. 2

    A.    Defendants Previously Refuted Papaya's Arguments Against Preclusion. ........... 2

    B.    Judge Nachmanoff's Ruling Reinforces Preclusion. .............................................. 4

    C.    This Court's Determination of Relatedness Supports Preclusion. ......................... 5

II.    PAPAYA'S ARGUMENTS TO AVOID SANCTIONS FAIL......................................... 6

    A.    Sanctions Are Warranted Because Papaya Repeatedly Disregarded Warnings Its Claims Were Baseless. ...................................................................... 6

    B.    Papaya's Manipulation of Its Pleadings Also Supports Sanctions. ....................... 8

    C.    Sanctions Are Warranted Because No Evidence Supports Papaya's Claims. .................................................................................................................... 9

III.    SANCTIONS AGAINST PAPAYA'S COUNSEL ARE WARRANTED ..................... 10

IV.    PAPAYA'S REQUEST FOR COUNTER-SANCTIONS SHOULD BE DENIED ....... 11

CONCLUSION................................................................................................................... 11

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Andre v. Merrill Lynch Ready Assets Tr.*,
  97 F.R.D. 699 (S.D.N.Y. 1983) ...................................................................................7

*In re Australia & New Zealand Banking Grp. Ltd. Sec. Litig.*,
  712 F. Supp. 2d 255 (S.D.N.Y. 2010) ..........................................................................8

*B&B Hardware, Inc. v. Hargis Indus., Inc.*,
  575 U.S. 138 (2015) .....................................................................................................3

*Branded Apparel Group LLC v. Muthart*,
  2018 WL 4308545 (S.D.N.Y. Sept. 10, 2018) .............................................................5

*Collins v. Walden*,
  834 F. 2d 961 (11th Cir. 1987) ....................................................................................7

*ED Capital LLC v. Bloomfield Inv. Res. Corp.*,
  316 F.R.D. 77 (S.D.N.Y. 2016) .................................................................................11

*Ehrlich v. Berkshire Life Ins. Co.*,
  2002 WL 368444 (S.D.N.Y. Mar. 7, 2002) .................................................................4

*Gollomp v. Spitzer*,
  568 F.3d 355 (2d Cir. 2009) ........................................................................................8

*ICICI Bank Ltd. v. Doshi*,
  2024 WL 1242531 (S.D.N.Y. Mar. 22, 2024) .............................................................2

*Lotocky v. Elmira City Sch. Dist.*,
  102 F. Supp. 3d 455 (W.D.N.Y. 2015) ......................................................................11

*In re Peters*,
  642 F.3d 381 (2d Cir. 2011) ........................................................................................4

*Sacerdote v. Cammack Larhette Advisors, LLC*,
  939 F.3d 498 (2d Cir. 2019) ..................................................................................2, 11

*Smith v. Educ. People, Inc.*,
  233 F.R.D. 137 (S.D.N.Y. 2005) .................................................................................7

*Star Mark Mgmt. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*,
  2009 WL 2922851 (E.D.N.Y. Sept. 8, 2009) ..............................................................7

*Vishipco Line v. Charles Schwab & Co.*,
   2003 WL 1345229 (S.D.N.Y. Mar. 19, 2003) ..........................................................................7

*Wyly v. Weiss*,
   697 F.3d 131 (2d Cir. 2012)....................................................................................................3

*Zherka v. City of New York*,
   459 F. App'x 10 (2d Cir. 2012) ..........................................................................................2, 7

*Zuk v. E. Pennsylvania Psychiatric Inst. of the Med. Coll. of Pennsylvania*,
   103 F.3d 294 (3d Cir. 1996)..................................................................................................10

**Statutes**

28 U.S.C. § 1927.......................................................................................................................1, 10

**Other Authorities**

Fed. R. Civ. P. 11 ................................................................................................................ *passim*

Fed. R. Civ. P. 12 .................................................................................................................1, 2, 11

S.D.N.Y. Rules for the Division of Business Among District Judges,
   Rule 13 ...................................................................................................................................5

**INTRODUCTION**

In their Motion (Dkt. 140, "Mot."), Defendants demonstrated that sanctions are warranted against Papaya and its counsel because, as Judge Nachmanoff previously held, this litigation is "unnecessary and duplicative." Indeed, "Papaya has blatantly attempted to get a second bite at the apple by pursuing different but clearly related defendants in a different forum after Judge Cote conclusively rejected Papaya's counterclaim and motion for leave to file a second amended counterclaim on virtually identical claims." In response, Papaya makes four basic arguments, all of which fail.

First, Papaya rehashes arguments from its opposition to Defendants' pending Rule 12(b)(6) motion. But Defendants thoroughly refuted each of these arguments in their reply in support of that motion—filed months before Defendants sought sanctions. Papaya, however, persisted.

Second, Papaya insists sanctions are unwarranted because its claims had a "chance of success," and because it was never told otherwise. But this Court's prior rulings dismissing Papaya's virtually identical claims against Skillz informed Papaya that its claims were baseless. After Papaya attempted to evade those rulings by repackaging the same allegations in a new action in Virginia, Judge Nachmanoff condemned Papaya's tactics. Thus, two federal judges, in three separate rulings, warned Papaya that its claims are baseless. Papaya plowed ahead anyway.

Third, Papaya argues that, even if it engaged in sanctionable conduct, its counsel should escape sanctions. But Rule 11(b)(2) and 28 U.S.C. § 1927 authorize sanctions *exclusively* against counsel, and courts sanction counsel for unnecessary and duplicative litigation like this.

Fourth, Papaya requests counter-sanctions against Defendants if the Court denies the Motion. The Motion, however, should be granted. In any event, Papaya comes nowhere near meeting the high burden to show counter-sanctions are warranted.

1

The Court should grant the Motion and deny Papaya's request for counter-sanctions.

## ARGUMENT

### I.   DEFENDANTS' ARGUMENTS TO AVOID PRECLUSION FAIL

#### A.   <u>Defendants Previously Refuted Papaya's Arguments Against Preclusion.</u>

Papaya spills pages of ink rehashing arguments that Defendants thoroughly refuted in their reply in support of their pending Rule 12(b)(6) motion. Dkt. 92.

For example, Papaya argues the rule against claim-splitting does not apply because Defendants were not in privity with Skillz. Opp. at 9-10 (citing *Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 498 (2d Cir. 2019)). But Defendants previously demonstrated privity exists because, in the First Action, Papaya alleged that Defendants and Skillz were "co-conspirators." Dkt. 61 at 8-11; Dkt. 92 at 4-7.

Papaya's reliance on *Sacerdote* is misplaced because that case neither involved nor addressed privity among alleged co-conspirators *at all*. Accordingly, following *Sacerdote*, courts continue to find privity among alleged co-conspirators. *See* Dkt. 92 at 5-7; *ICICI Bank Ltd. v. Doshi*, 2024 WL 1242531, at *4 (S.D.N.Y. Mar. 22, 2024) ("courts have consistently held that alleged co-conspirators are in privity with one another") (internal quotations omitted).

Next, Papaya argues that issue preclusion does not apply where, as here, a party repackages the same factual allegations under a different legal theory. According to Papaya, issue preclusion only applies when *all* elements of the claims asserted in each action are identical. Opp. at 11-14. Papaya is wrong. Dkt. 61 at 12-13; *see Zherka v. City of New York*, 459 F. App'x 10, 13 (2d Cir. 2012) (issue preclusion doctrine prohibits "repackaging the same factual allegations under different causes of action").

Here, issue preclusion applies because this Court previously decided an essential element common to Papaya's claims in each action. This triggers issue preclusion. *See B&B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 154-55 (2015) ("'issue' must be understood broadly enough 'to prevent repetitious litigation of what is essentially the same dispute'"); *Wyly v. Weiss*, 697 F.3d 131, 141 (2d Cir. 2012) (applying issue preclusion where "the Court [previously] resolved ***one of the elements***").[1]

First, this Court held that "Papaya has failed to sufficiently allege that the challenged statements were false." Dkt. 51-2 at 19. This dooms Papaya's claim for business conspiracy, which requires Papaya to plead Defendants made a false statement. *See* Dkt. 92 at 16-17. This Court also rejected Papaya's allegations that falsified complaints were submitted to government officials (Dkt. 51-4 at 11-14), an essential element of its conspiracy claim. Opp. at 13; Dkt. 20 ¶ 247. Second, this Court dismissed Papaya's allegations that Defendants "induced former Papaya employees to breach their confidentiality obligations" (Dkt. 51-3 ¶ 532), because Papaya failed to show that the employees disclosed confidential information or that Papaya suffered any resulting injury. Dkt. 51-4 at 16-19. This is preclusive because both disclosure of confidential information and actual damages are essential elements of Papaya's claims for tortious interference and common law conspiracy. *See* Dkt. 92 at 9-11; Dkt. 20 ¶¶ 262, 269.

Papaya also erroneously asserts that "new evidence" supports its claims. But Defendants previously demonstrated this argument, too, was baseless. *See* Dkt. 92 at 2-4 (explaining there is no "new evidence" supporting Papaya's claims, much less any that avoids preclusion).

In short, Defendants' detailed briefing—filed months before Defendants sought sanctions—thoroughly informed Papaya that its claims are precluded. Yet Papaya persisted.

---

[1] All emphases are Defendants' unless otherwise noted.

### B. Judge Nachmanoff's Ruling Reinforces Preclusion.

Also supporting preclusion is Judge Nachmanoff's ruling that (a) this action constitutes "unnecessary and duplicative litigation," and (b) "Papaya has blatantly attempted to get a second bite at the apple by pursuing different but clearly related defendants in a different forum after Judge Cote conclusively rejected Papaya's counterclaim and motion for leave to file a second amended counterclaim on virtually identical claims." Dkt. 141-1 at 31:4-33:2.

Papaya derides Judge Nachmanoff's ruling as a "handful of words" and "dictum" because Judge Nachmanoff resolved the transfer motion only—not Defendants' motion to dismiss. Opp. at 15. But Judge Nachmanoff's determinations were essential to his transfer ruling—not peripheral asides. Further, Judge Nachmanoff's explicit rationale for declining to resolve the motion to dismiss—i.e., the court refused to "***waste its resources*** in permitting th[e] issues to be ***relitigated*** in this district"—itself underscored the impropriety of Papaya's tactics. Dkt. 141-1 at 33:2-4.

Because Papaya fails to articulate "cogent and compelling reasons" to reconsider Judge Nachmanoff's determinations, *In re Peters*, 642 F.3d 381, 386 (2d Cir. 2011), his ruling "continue[s] to govern this case under the law of the case doctrine." *Ehrlich v. Berkshire Life Ins. Co.*, 2002 WL 368444, at *7 n.16 (S.D.N.Y. Mar. 7, 2002) (Cote, J.); Mot. at 12-13. Judge Nachmanoff's ruling dooms Papaya's claims because, under established preclusion doctrines, a plaintiff is not entitled to a "second bite at the apple" to relitigate claims "virtually identical" to those "conclusively rejected" by another court. Dkt. 141-1 at 32:21-33:4; Dkt. 61 at 7-16; Dkt. 92 at 8-14; Mot. at 12. Papaya's persistence in the face of Judge Nachmanoff's warnings bolsters sanctions here.

To excuse the filing in Virginia of what Papaya itself acknowledges is a related action (Dkt. 1-23; Mot. at 15), Papaya stresses Fair Play's incorporation in Virginia and posits that "whether

4

this Court would have had personal jurisdiction over five of the seven Defendants was very much in doubt." Opp. at 6, 22. But Papaya has no answer to Judge Nachmanoff's cogent analysis, rejecting these façades. Judge Nachmanoff held "this matter has weak ties to Virginia" (Dkt. 141-1 at 32:8-10); that "there's no question that this action could have been brought in New York" because "Papaya has conceded that defendants Assemble and Newton are at home in New York," and "the remaining defendants are subject to jurisdiction [in New York] as purported co-conspirators." *Id.* at 31:19-24; Mot. at 15. Further, Papaya's assertion that Judge Nachmanoff properly exercised jurisdiction over Fair Play (Opp. at 22) is irrelevant: no jurisdictional impediment existed in this Court, where a related action was pending, and which Judge Nachmanoff concluded had a substantially closer relationship to the operative transactions than any court in Virginia. Mot. at 15. Papaya fails to offer a convincing explanation why, then, it brought this action in Virginia, if not to evade adjudication by this Court, where it had just lost.

### C. This Court's Determination of Relatedness Supports Preclusion.

Papaya does not dispute that: (a) it expressly designated both actions as related (Dkt. 1-23); and (b) this Court reached the same conclusion. Mot. at 15-16. Instead, Papaya argues that this designation is irrelevant because the standards governing "relatedness" and "preclusion" are inapposite. Opp. at 10. To the contrary, both standards focus on whether the actions involve "the same or substantially similar parties," "transactions," and "events" and involve "substantial factual overlap." Dkt. 110 (citing Rule 13(a)(1), S.D.N.Y. Rules for the Division of Business Among District Judges); Mot. at 15-16; *see also Branded Apparel Group LLC v. Muthart*, 2018 WL 4308545, *5 (S.D.N.Y. Sept. 10, 2018) (holding related designation supported enforcement of rule against claim splitting).

5

## II. PAPAYA'S ARGUMENTS TO AVOID SANCTIONS FAIL

### A. Sanctions Are Warranted Because Papaya Repeatedly Disregarded Warnings Its Claims Were Baseless.

While Papaya insists sanctions are reserved for "extreme" circumstances (Opp. at 18), its conduct satisfies this bar. Papaya has no answer to the extensive case law cited, imposing sanctions where, as here, a party attempts to relitigate dismissed claims. Mot. at 3-6. Nor does Papaya dispute that it persisted, despite nearly a dozen warnings by this Court, by Judge Nachmanoff, and by Defendants that its claims were baseless. Mot. at 6-11. This defiance, too, warrants sanctions. Mot. at 10-11, 14-15 (collecting authority).

Papaya dismisses Defendants' warnings as an "improper" "calculated campaign" to "strong-arm" it, but there is no support for these baseless accusations. Opp. at 1, 21. Instead, Defendants warned Papaya promptly at critical junctures—*e.g.*, when this action was first filed, after Papaya amended, and after Judge Nachmanoff's ruling—as parties are encouraged to do before seeking sanctions. *See, e.g.,* Fed. R. Civ. P. 11, advisory committee's note to 1993 amendment ("counsel should be expected to give informal notice to the other party, whether in person or by a telephone call or letter, of a potential violation before proceeding to prepare and serve a Rule 11 motion").

Papaya next argues that sanctions are unwarranted because this action asserts nominally different theories against related defendants. Opp. at 18-19. But these tactics support—not undercut—sanctions here. Indeed, Papaya and its counsel were repeatedly warned their "blatant[] attempt[] to get a second bite at the apple," by "pursuing different but clearly related defendants in a different forum after Judge Cote conclusively rejected Papaya's counterclaim and motion for leave to file a second amended counterclaim on virtually identical claims," was both inappropriate and legally unavailing. Dkt. 141-1 at 31:4-33:2; Mot. at 6-11; Dkt. 92 at 9-19. Papaya persisted

6

anyway. Issue preclusion "developed to address *precisely this situation*, where a party seeks to repeatedly litigate the same issue by . . . repackaging the same factual allegations under *different causes of action . . . against different defendants*." *Zherka*, 459 F. App'x at 13.

Hence, courts routinely impose sanctions in these circumstances. *See, e.g.*, *Smith v. Educ. People, Inc.*, 233 F.R.D. 137, 143 (S.D.N.Y. 2005) (imposing sanctions for second suit against different defendants); *Vishipco Line v. Charles Schwab & Co.*, 2003 WL 1345229, at *11 (S.D.N.Y. Mar. 19, 2003) (imposing sanctions for claims barred by res judicata, despite differences in claims and parties); *Andre v. Merrill Lynch Ready Assets Tr.*, 97 F.R.D. 699, 702 (S.D.N.Y. 1983) (finding bad faith where plaintiff expanded claims previously deemed baseless); *Collins v. Walden*, 834 F. 2d 961, 963 (11th Cir. 1987) (affirming sanctions against attorneys who brought second action against different defendants arising out of same alleged conspiracy).

Finally, Papaya stresses that "no court has stated that it would impose sanctions on Papaya if it continued to pursue claims against Defendants." Opp. at 19. But this is not a prerequisite to impose sanctions. Moreover, while Judge Nachmanoff did not use the word "sanctions," his admonishment of Papaya's "blatant[] attempt[] to get a second bite at the apple" served as ample warning. Dkt. 141-1 at 32:22-33:2. In any event, Rule 11 imposes an "independent obligation" on Papaya and its counsel. *See Star Mark Mgmt. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 2009 WL 2922851, at *14 (E.D.N.Y. Sept. 8, 2009). Papaya and its counsel not only ignored that "independent obligation" but also disregarded repeated warnings by this Court, by Judge Nachmanoff, and by Defendants. Mot. at 6-11.

To the extent Papaya believed it had meritorious claims against Defendants, its recourse was to bring those claims in the First Action or appeal to the Second Circuit—not collaterally attack this Court's rulings in a new action in a new forum.

7

B.     **Papaya's Manipulation of Its Pleadings Also Supports Sanctions.**

Papaya does not dispute that it selectively deleted numerous allegations from its pleadings, after notice that those averments foreclosed its claims under longstanding preclusion doctrines. Mot. at 15-19; Opp. at 22-23. This conduct further evinces Papaya's bad faith. *Gollomp v. Spitzer*, 568 F.3d 355, 369-71 (2d Cir. 2009) (sanctioning counsel for filing amended complaint after being served with draft Rule 11 motion by defendants). Deleting allegations from a pleading to circumvent a dispositive defense itself is sanctionable. Mot. at 18-19; *see also In re Australia & New Zealand Banking Grp. Ltd. Sec. Litig.*, 712 F. Supp. 2d 255, 266 (S.D.N.Y. 2010) (Cote, J.) (considering both original and amended complaint in determining whether to impose sanctions).

The benign motive Papaya now proffers for such amendments is unconvincing. First, Papaya says the foregoing amendments were prompted by this Court's unsealing of Papaya's Proposed Second Amended Counterclaims ("PSAC") in the First Action. But such unsealing does nothing to explain Papaya's ***deletion*** of numerous allegations from its pleadings. Mot. at 15-19. Further, the Court unsealed the PSAC only ***after*** holding the PSAC failed to state a claim. This should have discouraged—not emboldened—Papaya to pursue the same meritless allegations in a new forum in a "blatant[] attempt[] to get a second bite at the apple." Dkt. 141-1 at 32:22-33:2.

Nothing prevented Papaya from asserting its current claims against Defendants in the First Action. While Papaya stresses that the PSAC had yet to be unsealed, Papaya's co-conspirator allegations were already public at such time; indeed, Papaya had publicly made the same allegations in its First Action, as well as its original complaint in this action. *See* Dkt. 51-1 ¶¶ 412-414; Dkt. 1 ¶¶ 156, 163-65, 181.

Finally, to avoid preclusion, Papaya argues that no co-conspirator relationship is alleged in its Amended Complaint. Dkt. 79 at 14 (arguing amended complaint, which "controls the analysis,"

8

"does not allege that Defendants and Skillz were co-conspirators"). Papaya's emphasis on the absence of the very allegations it painstakingly deleted from its prior pleadings only underscores its bad faith and discredits the innocent explanation it now proffers for those amendments. Mot. at 17-19.

        C.        **<u>Sanctions Are Warranted Because No Evidence Supports Papaya's Claims.</u>**

In their Motion, Defendants demonstrated that sanctions are warranted under Rule 11(b)(3) because, as this Court previously recognized, Papaya does not—and cannot—establish the challenged statements were materially false,[2] or that it was harmed, particularly given that Papaya does not dispute that it used bots to scam consumers. Mot. at 20-21. Given Papaya's uncontroverted use of bots to scam consumers, it cannot complain that its reputation was harmed by Defendants' disclosure of such conduct to consumers and attorneys general.

In response, Papaya argues "none of the claims depends on any representations about Papaya's supposed bot use, let alone the truth or falsity of such statements." Opp. at 11. This Court, however, previously rejected an identical argument. Indeed, in the First Action, Papaya argued that its claims in the PSAC did not turn on whether it used bots. *Compare* Case No. 24-01646, Dkt. 301 at 2-3 (Papaya's Reply ISO Mot. for Leave to File PSAC, making same argument), *with* Dkt. 51-4 at 14-16 (Opinion and Order, rejecting virtually identical allegations regarding Defendants purportedly misleading law enforcement). As this Court previously held,

> The issue of the integrity of Papaya's business practices and its deception of the public about its historic use of bots to compete with customers in its games of "skill" are at the heart of this case. Papaya does not deny such undisclosed historic use in its [pleading] or otherwise in this litigation. In recent depositions, ***none of Papaya's individual deposition witnesses denied the historic use of bots, as they all asserted their Fifth Amendment rights against self-incrimination rather than testifying to any potentially disputed***

---

[2] While Papaya insists that it "does not even assert a stand-alone defamation claim" (Opp. at 11), its claim for business conspiracy is expressly predicated on alleged "defamation." Dkt. 20 ¶ 251.

9

> *facts*. Therefore, Papaya will not be in a position to prove the falsity of the supposedly defamatory statement at trial.

Dkt. 51-4 at 13-14 & n.2.

Papaya argues it was harmed because it received a cease-and-desist letter from a state gaming control board demanding that Papaya stop using bots to scam consumers. Opp. at 12. But Papaya was not damaged by a demand that it cease-and-desist from engaging in unlawful activities to steal money from consumers. While Papaya may wish that its criminal conduct remained secret, that bare desire does not create a cause of action.

Because Papaya cannot establish the challenged statements were materially false—much less that it was injured thereby—sanctions are warranted under Rule 11(b)(3), especially given that this Court had previously warned Papaya that this defect doomed its claims, yet Papaya persisted.

### III. SANCTIONS AGAINST PAPAYA'S COUNSEL ARE WARRANTED

The Motion established that sanctions are warranted against Papaya's counsel, including for: (1) violating Rule 11(b)(2) by pursuing precluded claims; and (2) violating 28 U.S.C. § 1927 by pursuing unnecessary and duplicative litigation. Mot. at 3-13, 21-23. Papaya dismisses this request as an improper "intimidation" tactic. Opp. at 24. It is not. Instead, **both** Rule 11(b)(2) and 28 U.S.C. § 1927 *exclusively* authorize imposition of sanctions against counsel. *See* Fed. R. Civ. P. 11(c)(5)(A) (stating "court must not impose a monetary sanction . . . against a represented party for violating Rule 11(b)(2)"); *Zuk v. E. Pennsylvania Psychiatric Inst. of the Med. Coll. of Pennsylvania*, 103 F.3d 294, 297 (3d Cir. 1996) (holding § 1927 "is designed to discipline counsel only and does not authorize imposition of sanctions on the attorney's client").

Moreover, numerous courts have sanctioned counsel for attempting to relitigate dismissed claims. *See* Mot. at 25-27 (citing cases). Further, Papaya does not mention—much less refute— the numerous authorities cited in the Motion imposing sanctions under 28 U.S.C. § 1927 where,

10

as here, counsel disregards repeated warnings that its claims are duplicative and baseless. *See* Mot. at 22-23.

### IV.  PAPAYA'S REQUEST FOR COUNTER-SANCTIONS SHOULD BE DENIED

Papaya seeks counter-sanctions against Defendants under Rule 11(c)(2) if the Court denies the Motion. The Motion, however, should be granted for all the reasons discussed above and in the Motion. In any event, Papaya fails to establish that Defendants' Motion was "filed for an improper purpose" and "utterly without support," as required to impose sanctions. *ED Capital LLC v. Bloomfield Inv. Res. Corp.*, 316 F.R.D. 77, 82 (S.D.N.Y. 2016). To the contrary, Judge Nachmanoff himself blasted Papaya's "duplicative" litigation as a "blatant[] attempt[] to get a second bite at the apple." Dkt. 141-1 at 31:4-33:2; *see also Lotocky v. Elmira City Sch. Dist.*, 102 F. Supp. 3d 455, 457-58 (W.D.N.Y. 2015) (denying plaintiff's cross motion for sanctions where defendant's "interpretation of the facts and law presented is not unreasonable, nor is it so glaringly frivolous or unfounded as to merit an award of sanctions").

Papaya also suggests that sanctions are warranted against Defendants given the Motion did not cite *Sacerdote*. However, Defendants acted reasonably by incorporating by reference the arguments contained in their pending Rule 12(b)(6) briefing rather than duplicating them in their Motion. Indeed, Defendants' reply in support of their Rule 12(b)(6) motion—incorporated by reference in the Motion for Sanctions—discussed and distinguished *Sacerdote* at length. The Federal Rules do not require duplication.

### CONCLUSION

Accordingly, the Court should grant Defendants' Motion and deny Papaya's request for counter-sanctions.

11

Dated: September 8, 2025                    Respectfully,


                                            */s/ Ari. M. Selman*
                                            Ari M. Selman

                                            **MORGAN, LEWIS & BOCKIUS LLP**
                                            Ari M. Selman
                                            101 Park Avenue
                                            New York, NY 10178
                                            (212) 309-6000
                                            ari.selman@morganlewis.com

                                            *Counsel for Defendants Fair Play for Mobile Games; Josh Levin; Square Strategies LLC; Mavan Group, Inc.; and Valor Public Strategies LLC*


                                            */s/ Christina H. Bost Seaton*
                                            Christina H. Bost Seaton

                                            **PIERSON FERDINAND LLP**
                                            Christina H. Bost Seaton
                                            Daniel Messeloff
                                            Amy Epstein Gluck (*pro hac vice*)
                                            1270 Avenue of the Americas, 7th Floor,
                                            #1050, New York, New York 10020
                                            (917) 765-8201
                                            Christina.BostSeaton@pierferd.com
                                            Dan.Messeloff@pierferd.com
                                            Amy.EpsteinGluck@pierferd.com

                                            *Counsel for Defendants Assemble the Agency, LLC and Lacie Newton*

## CERTIFICATE OF COMPLIANCE

      I hereby certify that this Reply in Support of Defendants' Motion for Sanctions complies with the length requirements of Local Rule 7.1(c) because it contains 3,319 words, excluding the caption, table of contents, table of authorities, signature block, and required certificates.

Dated:  September 8, 2025                    */s/ Ari. M. Selman*
                                                                                      Ari M. Selman

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2025, I caused the foregoing Reply in Support of Defendants' Motion for Sanctions to be electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Ari M. Selman*
Ari M. Selman